## Case No. 15,960.

UNITED STATES v. ONE THOUSAND FOUR HUNDRED AND TWELVE GALLONS OF DISTILLED SPIRITS.

[10 Blatchf. 428; [1] 17 Int. Rev. Rec. 86.]

Circuit Court, S. D. New York. Feb. 24, 1873.

INTERNAL REVENUE LAWS — FORFEITURES — CONSTRUCTION OF STATUTES.

1. The provision of the 96th section of the internal revenue act of July 20, 1868 (15 Stat. 164), "that, if any distiller, rectifier, wholesale liquor dealer, compounder of liquors, or manufacturer of tobacco or cigars, shall knowingly and wilfully omit, neglect or refuse to do, or cause to be done, any of the things required by law in the carrying on or conducting of his business, or shall do anything by this act prohibited, if there be no specific penalty or punishment imposed by any other section of this act, for the neglecting, omitting, or refusing to do, or for the doing or causing to be done, the thing required or prohibited, he shall pay a penalty of $1,000, and, if the person so offending be a distiller, rectifier, wholesale liquor dealer, or compounder of liquors, all distilled spirits or liquors owned by him, or in which he has any interest, as owner, * * * shall be forfeited to the United States," does not authorize such forfeiture of spirits or liquors to be imposed for a violation of the 45th section of the same act, for the reason that a specific penalty or punishment is imposed by the 45th section for a violation of the 45th section.

2. A statute which is of doubtful or double meaning, should not be construed in its harshest possible sense, when persons to whom it applies may have been led to trust in a less severe construction of it, but one equally satisfying its terms.

3. Apart from the consideration last stated, the construction of the act, above stated, is deemed the most natural and to best conform to the intention of congress and the design of the act.

Thomas Simons, Asst. U. S. Dist. Atty.
Harland & Rollins, for claimant.

WOODRUFF, Circuit Judge. The information herein alleges a violation of section 45 of the internal revenue act of July 20, 1868 (15 Stat. 143), and claims, that, for such violation, the spirits in question became forfeited to the United States, under and by force of the 96th section of the same act (Id. 164). Section 45 requires rectifiers, wholesale liquor dealers, and compounders of liquors, to keep certain books, make certain prescribed entries therein, and keep such books open for inspection, with other special requirements designed to enable the revenue officers to learn various particulars, in order to prevent frauds upon the revenue; and, for refusal, neglect, or violation of its provisions, the section declares, that the rectifier, wholesale dealer, or compounder, shall pay a penalty of one hundred dollars, and, on conviction, shall be fined not less than one hundred dollars nor more than five thousand dollars, and be imprisoned not less than three months nor more than three years.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

From the passage of the internal revenue law of 1862 down, the legislation of congress manifestly looked to distilled spirits and distillers, and to tobacco and its manufacturers, for a considerable revenue; and the provisions of the several enactments to provide internal revenue were very stringent in their requirements tending to secure the payment of the taxes imposed. The law was amended, from time to time, as experience showed to be necessary, to prevent frauds and evasions of the tax. Fines, penalties, and punishment by imprisonment were annexed to various sections of the law, and new provisions, as well as amendments, were devised, to the same end. In 1868, the law, so far as related to distillers and distilled spirits, and to tobacco and tobacco manufacturers, was revised, and the act of that year prescribed the duties of distillers, rectifiers, compounders of liquors, and tobacco manufacturers, with great particularity, and, as to a large extent was true of previous laws, annexed to most of the sections both prohibitory and prescriptive penalties, fines, forfeitures, or punishment by imprisonment, as the consequence of a violation of its commands. apparently measuring the severity of the infliction by the estimate the legislature had of the magnitude of the evil contemplated in the several sections; and yet, some few sections were left without any specific prescribed penalty for their violation. The former laws, however, relating to the same subjects, were not, in terms, repealed, but only so far as the act of 1868 was inconsistent therewith. In some sections, a pecuniary penalty alone was prescribed; in others, a fine; in others, a fine and imprisonment; in others, forfeiture of property, such as forfeiture of the spirits seized, or forfeiture of the tools and instruments, also; while, in two sections (22 and 44), relating to distillers, rectifiers, &c., for a violation thereof, the forfeiture was, not only of all distilled spirits owned by them, wherever found, but, also, the stills and apparatus, and all personal property found in the distillery, store or other place of business, or in the building or enclosure, and all the right, title and interest of the party in the lot of ground, &c. After a very full specification of such cases and particulars as the experience of years had shown to be necessary, the 96th section further provided as follows: "And be it further enacted, that, if any distiller, rectifier, wholesale liquor dealer, compounder of liquors, or manufacturer of tobacco or cigars, shall knowingly and wilfully omit, neglect, or refuse to do, or cause to be done, any of the things required by law in the carrying on or conducting of his business, or shall do anything by this act prohibited, if there be no specific penalty or punishment imposed by any other section of this act, for the neglecting, omitting, or refusing to do, or for the doing or causing to be done, the thing required or prohibited, he shall pay a penalty of one thousand dollars: and, if the person so offending be a distiller, rectifier,

wholesale liquor dealer, or compounder of liquors, all distilled spirits or liquors owned by him, or in which he has any interest, as owner, and, if he be a manufacturer of tobacco or cigars, all tobacco or cigars found in his manufactory, shall be forfeited to the United States." This would seem to be a section added to the other provisions, in order to fully cover the subject, and to punish all violators of the law, whether by knowing and wilful omission, or by actual transgression, not in terms required to be knowing or wilful.

The demurrer in this case is urged on the ground, that this 96th section does not apply to a violation of the 45th section above recited, because there is a specific penalty prescribed in the 45th section itself, namely, a penalty of $100, a fine of not less than $100 nor more than $5,000, and imprisonment for not less than three months nor more than three years. The question depends solely upon the true construction of the 96th section; and that construction alone has been discussed by the counsel for the government and the counsel for the claimant.

On behalf of the government, it is insisted, that former acts had prescribed forfeiture of all the spirits, in general terms, for any violation of their requirements; that this section is a modified re-enactment of such general provisions; that this section was intended to provide, and does provide, a specific penalty of one thousand dollars, for all knowing and wilful omissions, and all active violations, for which no specific penalty or punishment was imposed by any other section, but the residue of the section applies to all persons who knowingly and wilfully omit, neglect or refuse compliance with the act, or do anything by the act prohibited, whether specific penalties or punishment have, in other sections, been imposed or not; that, in short, it was a part of the intent and purpose of this section (whatever punishments had in other sections been provided) that whoever, of the persons named, should knowingly and wilfully omit, neglect or refuse to do, or cause to be done, anything whatever required by law in the business of distilling, &c., and whoever should do anything by the act prohibited, should forfeit all distilled spirits and liquors owned by him, or in which he has any interest, as owner.

On behalf of the claimant, it is insisted that the sole object of this 96th section was to provide for cases not otherwise fully provided for, by imposing a penalty, and declaring a forfeiture, if, and only when, no specific penalty or punishment was imposed by any other section. Who is "the person so offending," or, rather, what is the meaning of "so offending?" It was argued by counsel, and it seems quite clear, that, if this be determined, it decides the controversy. The person "so offending" forfeits his spirits to the United States. Is he one, and every one, who is guilty of the knowing and wilful omission,

neglect and refusal, or who does the thing prohibited by the act; or is he one, and only one, who is guilty of a knowing and wilful omission, neglect or refusal to do what is required, or does something which is prohibited, for which no specific penalty or punishment is imposed by any other section of the act? It cannot, I think, be denied, that either construction would satisfy the words used in the section; and the question is one upon which intelligent and fair minds, studying the section with single purpose to ascertain its just meaning, may differ. Such a difference has arisen in the district courts. Quantity of Distilled Spirits [Case No. 11,495]; U. S. v. One Rectifying Establishment [Id. 15,952]; U. S. v. Thirty-Seven Barrels of Apple Brandy [Id. 16,466]; U. S. v. One Hundred and Thirty-Three Casks of Distilled Spirits; [Id. 15,940]; U. S. v. Ninety-Five Barrels of Distilled Spirits [Id. 15,889]; U. S. v. Four Thousand Eight Hundred Gallons of Spirits [Id. 15,153]; U. S. v. Thirty-Four Barrels of Distilled Spirits [Id. 16,461]. I concur with those who hold that the forfeiture here declared applies only to cases for which no specific penalty or punishment is imposed by other sections. The 96th section clearly admits of that interpretation. The fact that intelligent and fair minds have been in doubt, and have differed on the subject, and an examination of the section itself, both concur to show, that, at most, the construction claimed by the government, though it be possible, is doubtful. In construing a severe statute, declaring a heavy forfeiture, (and, according to one construction claimed, for small offences,) it is just to say, that those who are called upon to conduct their business affairs in view of all its provisions, ought to be fairly apprised of its requirements, and of its penalties, of whatever kind. They are bound to know the law, but lawmakers owe to them the duty to make the law intelligible; and those whose business it is to construe or expound a law which is of doubtful or double meaning, should not incline to the harshest possible meaning, when it is obvious that those to whom it is to be applied may well have been led to trust in another which is less severe, but equally satisfying its terms. This is not saying that laws of the kind in question are to be strictly construed in favor of the subject and against the state, but, only, that they should be construed with reasonable fairness to the citizen.

But, independent of this consideration, I am of opinion, that the most natural construction of the language of the section is that which confines its operation to cases for which no penalty or punishment is imposed by other sections; that the person "so offending" is one who has offended under the conditions previously stated; and that the immediate connection between the penalty and the forfeiture, expressed by the conjunction "and," expresses and shows an intent to express an addition to the penalty, wherever

the penalty of one thousand dollars has been incurred, and nothing more. Had the section declared, that the person first described as omitting, neglecting, or refusing compliance with the law, or doing what is prohibited, should, if no specific penalty or punishment was elsewhere imposed, pay a penalty of one thousand dollars, and that all distilled spirits or liquors owned by him should be forfeited, it would be entirely plain, that the forfeiture could only apply to cases not otherwise specifically provided for, that is, to persons who incurred the penalty of one thousand dollars. Obviously, I think, it would have so read, had the section embraced, in its description of offenders, only distillers, rectifiers and compounders of liquors; but, manufacturers of tobacco were included in the description of the offenders. It was necessary that such forfeitures should be distributively declared, so as to forfeit tobacco in the case of the tobacco manufacturers, and spirits and liquors in the case of distillers, &c. Hence, the terms of distribution employed when the forfeiture was added to the penalty.

I am aware, that it is of little use to multiply words, in discussing the meaning of the language of the section. It is possible to say much in support of either view, if attention be confined to the mere phraseology. The section may be paraphrased, its form changed, its parts transposed, and either meaning made more apparent. For example, if the word "also" had followed "and"—"and, also, if the person so offending be a distiller, &c., all distilled spirits, &c., shall be forfeited, &c."—the meaning would have been plain; and yet, the word "and" alone may properly be deemed to have that precise import. But, without too rigid attention to mere word criticism, the meaning must be declared according to the impression left upon an intelligent mind, after bringing into view the subject matter, the previous provisions of the act, the design of the statute, and the whole language of the section itself. My own conviction conforms to that insisted upon by the claimant in this case.

Without attaching too great importance to the argument, that congress will not be presumed to intend to accumulate penalties or forfeitures, upon penalties, forfeitures and punishments previously annexed to specific acts or defaults, graduated as the latter are by the importance or gravity of the several specified offences, the construction insisted on by the claimant gains much support in the fact, that there are two previous sections which impose forfeiture, not only of the spirits owned by the offender, wherever it may be, but, of the tools, implements and all personal property found on the premises, and the lot of land, also (sections 22 and 44). Now, to suppose that congress, by the 96th section, meant to declare, that those who violated the law in any particular should, notwithstanding the specific penalty or forfeiture previously declared in any other section,

forfeit, also, all spirits owned by them, is to impute to them little less than an absurdity. In the sections referred to, forfeiture of all spirits, and much more than that, was already imposed. It is not to be supposed, that, by the 96th section, those previously declared forfeitures were made less. Besides, the argument, that the 96th 'section spreads forfeiture of all spirits, &c., over the whole act, including those two prior sections, and some others containing similar forfeitures, involves incongruity between parts of the statute, and would raise the question of law, whether the 96th section did not operate as a quasi repeal, or revocation, of the prior forfeitures specifically declared.

Without prolonging discussion upon the question, I must hold, that the forfeiture of spirits declared by the 96th section does not apply to cases or offences described in other sections, wherein a specific penalty or punishment therefor is imposed for the offence. The demurrer is, therefore, sustained.