Kurth *v.* State.

KURTH *v.* STATE.

(*Knoxville.*    October 29th, 1887.)

1. CONSTITUTIONAL LAW.  *Art. II., § 30, construed.*

Art. II., § 30, of the State Constitution, providing that "no article manufactured of the produce of this State shall be taxed otherwise than to pay inspection fees," operates to protect such *article* from taxation while it *remains in the manufacturer's hands*, but does not inhibit the laying of a *privilege tax* upon the *occupation of selling* such articles, when pursued even by the *manufacturer*.

Cited: Constitution, Art. II., § 30.

Cases cited and approved: State *v.* Crawford, 2 Head, 461; Taylor *v.* Vincent, 12 Lea, 283.

(See 9 Bax., 519; 11 Lea, 662.)

2. SAME.  *Art. II., § 28, construed.    Privilege defined.*

The term "privileges," as used in that part of Art. II., § 28, of the Constitution, empowering the Legislature "to tax merchants, peddlers, and *privileges* in such manner as they may from time to time direct," embraces any and all occupations that the *Legislature may, in its discretion, choose to declare privileges and tax as such.*

Cited: Constitution, Art. II., § 28.

Cases cited and approved: Columbia *v.* Guest, 3 Head, 414; Jenkins *v.* Erwin, 8 Heis., 456 (544).

3. TAX ON LIQUOR DEALERS.  *Act of 1885 (Ex. Sess.), p. 41, construed.*

The Act of 1885, Chapter 5 (Ex. Sess.), imposing a privilege tax on all liquor dealers, wholesale and retail, "*except manufacturers who sell to be sold again,*" renders one liable for the tax therein laid who sells, to consumers, wine manufactured out of grapes produced in this State by the manufacturer; and this act is constitutional.

Cited: Acts 1885, Ch. 5 (Ex. Sess)

Case cited and disapproved: Taylor *v.* Vincent, 12 Lea, 283.

FROM ROANE.

Appeal in error from Circuit Court of Roane County.   S. A. ROGERS, J.

Kurth *v.* State.

L. A. GRATZ for Mrs. Kurth.

Attorney-General PICKLE for State.

LURTON, J.   The appellant was indicted and convicted for selling spirituous or vinous liquors in less quantities than a quart without license.   The facts are that appellant in 1886 sold wine manufactured by herself from grapes grown in this State —the product of her vineyard—and that she sold in quantities less than a quart and without a license authorizing the sale of liquor as a retailer. It is insisted that, inasmuch as the wine was manufactured by herself and out of the produce of this State grown by herself, she was not required by the law to take out license as. liquor dealer to make such sales as she made.   The case, in its particular facts, is perhaps a hard one, but the principle concerned is a very. important one.   If the sale of wine under the circumstances of this case may be made without license, then every distiller, or other manufacturer of liquor out of the produce of the State, can become a tippler, and the regulation of the business of selling liquors as regulated by statute practically swept away.   In the contest between the taxed liquor dealer and the untaxed class of manufacturers the former would go down, the revenues of the State would be largely depleted, and the business or occupation of selling liquors become the only untaxed occupation.

This exemption is claimed under Article II., Sec-

tion 30, State Constitution. This Section provides that "no article manufactured of the produce of this State shall be taxed otherwise than to pay inspection fees." But Section 28 of the same Article provides that "the Legislature shall have power to tax merchants, peddlers, and *privileges* in such manner as they may from time to time direct." These two sections must be construed together. Section 30, it will be observed, only prohibits taxation upon the *article* manufactured of the produce of this State. A tangible and substantial benefit is secured to such manufacturer in his exemption from any direct tax upon such articles as property while in his hands. Section 30 does not inhibit the laying of a privilege tax upon the occupation of selling such articles. The power to tax privileges in such manner as the Legislature may direct will undoubtedly authorize the Legislature to lay upon all who sell liquor a privilege tax—a tax upon the occupation and not upon the article. This has been the uniform construction of these sections since the Constitution of 1834. *State* v. *Crawford, McNiel & Co.*, 2 Head, 461; *Taylor* v. *Vincent*, 12 Lea, 283.

A privilege is whatever the Legislature choose to declare to be a privilege and to tax as such. *Mayor and Aldermen of Columbia* v. *Guest*, 3 Head, 414; *Jenkins* v. *Erwin*, 8 *Heis.*, 456. This leaves nothing to be determined except the question as to whether the Legislature have exempted from the tax imposed on liquor dealers one who sells liquor

of his own manufacture from the produce of the State. The revenue Act of 1885 was in force when the sales made by appellant occurred. That act, after levying a tax upon both wholesale and retail dealers in liquors, proceeds to define who are such dealers as follows:

"Persons selling liquor in quantities of a quart or more, *except manufacturers who sell to be sold again,* are wholesale dealers, and persons selling in smaller quantities than a quart are retail dealers; and the above tax on liquor dealers applies to all druggists, *except in case of wine for sacramental purposes.*" Acts of Extra Session of 1885, p. 41.

Now, this act imposes a tax on all who sell liquor, spirituous or vinous, except in two specified cases. One is that of a manufacturer who sells to be sold again, and the other is that of druggists selling wine for sacramental purposes. The plaintiff in error does not come within either exemption, and we can make none for her.

The case of *Vincent* v. *Taylor*, 12 Lea, 282, is pressed upon us as determining that a dealer is one who buys to sell again. In this we do not concur. But this proposition is no part of the decision of the case, and was only used in argument by the Judge delivering the opinion of the Court. The decision in that case only goes to the point of deciding that, under the revenue laws of 1881 and 1883, a manufacturer of liquors from the produce of this State, who sold at his place of manufacture to dealers in unbroken packages, was not

a wholesale dealer within the meaning of those acts. The Act of 1885, and the subsequent Act of 1887, define who are dealers within the meaning of these acts, and this was doubtless done to meet the decision in the Taylor case. The power of the Legislature to tax dealers in liquors, and to define who constituted liquor dealers within the meaning of the revenue laws, is indisputable. The judgment must be affirmed.