CHATTANOOGA PLOW COMPANY *v.* W. P. HAYS, *County Court Clerk, et al.*

*(Knoxville.* September Term, 1911.)

1. **TAXATION.** Manufacturer of implements selling same to jobbers and commission merchants only is not a "dealer" or "merchant," within the meaning of the taxation laws.

A manufacturer of agricultural implements is not a "dealer" or "merchant," within the meaning of our revenue and assessment laws (Acts 1907, ch. 602, secs. 8, 26, and 27, and Acts 1909, ch. 479, sec. 3), providing for the taxation of dealers and merchants where the sales of the manufactured articles are made, without a dealer's profit, to jobbers and commission merchants only, and the only profit taken is for the manufacturing. (*Post,* pp. 150-158.)

Acts cited and construed: Acts 1907, ch. 602, secs. 8, 26, 27; Acts 1909, ch. 479, sec. 3.

Cases cited and distinguished: Webb v. State, 11 Lea, 662; Taylor v. Vincent, 12 Lea, 282; Kurth v. State, 86 Tenn., 137; Steel & Wire Co. v. Speed, 110 Tenn., 524; Kelly v. State, 123 Tenn., 516.

2. **SAME.** Construction of statutes by executive officers in favor of taxpayers, and long acquiesced in, is entitled to great consideration.

A construction placed upon a statute by the officers whose duty it is to execute it is entitled to great consideration, especially is this so as respects statutes prescribing penalties or levying taxes and impositions, where the executive construction has been in favor of the persons affected, and acquiesced in by the State authorities. (*Post, p.* 155.)

Cases cited and approved: Insurance Co. v. Hoge, 21 How., 35; United States v. Compania, 209 U. S., 337; United States v. 1412 Gallons of Distilled Spirits, 10 Blatchf., 428.

Plow Co. v. Hays.

3. SAME. Same. Statutes levying taxes will not be extended by implication beyond their clear import, and doubts will be resolved in favor of taxpayers.

Statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically pointed out, although standing upon a close analogy; and all questions of doubt will be resolved against the government, and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports. (*Post, p.* 155.)

Cases cited and approved: Memphis v. Bing, 94 Tenn., 644; English v. Crenshaw, 120 Tenn., 531; Crenshaw v. Moore, 124 Tenn., 528.

4. WORDS AND PHRASES. A "dealer" is defined.

In the most restricted sense, a "dealer" is one who takes profit in the distribution of goods and wares to the trade, in addition to the manufacturer's profit. (*Post, p.* 156.)

5. SAME. Same. Manufacturers, merchants, and dealers are defined and distinguished; manufacturer becomes a merchant, when.

A "manufacturer" is one engaged in making materials, raw or partly finished, into wares suitable for use. A "merchant" is markedly distinguished from a manufacturer, in that he sells to earn a profit, and the manufacturer sells to take a profit already earned. While a manufacturer selling his own manufactured articles is a dealer, still his dealings are merely incidental to his occupation of manufacturer. If a manufacturer deals as a merchant, either in his own wares or those of others, he is a merchant; and any course of business by which a dealer's profit is added to that of the manufacturer would make the manufacturer a merchant. (*Post, pp.* 156-158.)

Case cited, distinguished, and approved: Steel & Wire Co. v. Speed, 110 Tenn., 524.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.—
T. M. McCONNELL, Chancellor.

WHEELER, MARTIN & TRIMBLE, for complainant.

ATTORNEY-GENERAL CATES, PRITCHARD & SIZER, and
CHAMBLISS & CHAMBLISS, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the
Court.

The question for decision in this case is whether the
Chattanooga Plow Company, a Tennessee corporation,
and a manufacturer of plows, cane mills, and other agri-
cultural implements, is a dealer or merchant, within the
meaning of our revenue statute, so as to be liable for a
merchant's tax. The complainant is taxed as a manufac-
turer, and has paid all taxes assessed against it as such.
Its business extends all over the world, and far more of
its goods are exported to foreign lands, or shipped to
other States of the United States, than are used or sold
within the State of Tennessee. Less than ten per cent.
of its sales are made in Tennessee. Most of complain-
ant's goods are manufactured to fill orders already re-
ceived. Some are made up in order to keep its factory

in operation and its men employed when orders for goods have not been actually booked, but it is known they will be required by dealers and commission merchants who handle its products.  It does not manufacture to keep stock on hand for sale generally.  Its warerooms are adjacent to its factory, and are places of temporary storage, and not salesrooms.  Its travelling men begin in the spring to take and send in orders for fall delivery, and in the fall to take orders for spring delivery.  They also take orders for immediate delivery. It does not keep any goods on exhibit.  Its plows, cane mills, and other products are not put together and set up in its warehouse, but are knocked down ready for shipment.  They merely pass from the different departments where made into the warehouse or shipping departments, and pass on through to wagons or railroad cars.  It has no storerooms, salesrooms, or place of business apart from its factory.  All of its products are sold by merchants who keep them on exhibit and sale.

Complainant has been in business in Hamilton county, Tenn., for twenty-eight years, and has never been called upon to pay any license, or privilege taxes, in the nature of the taxes now demanded.  The defendants are seeking to hold the complainant liable for a merchant's tax, together with fifteen per cent. penalties, alleged to have accrued thereon for three years.

The acts of the assembly, which it is insisted make complainant liable for the tax demanded, are chapter 479, Acts of 1909, section 3 of which provides as follows:

"That all merchants shall pay an *ad valorem* tax upon the average capital invested by them in their business of fifty cents on the $100, thirty-five cents of which shall be for State purposes and fifteen cents for school purposes; and a privilege tax of fifteen cents on each $100 worth of taxable property, seven and one-half cents of which shall be for school purposes and seven and one-half cents for State purposes."

Assessment Act 1907, c. 602, section 26, defines the term "merchant" as follows:

"All persons, copartnerships, or corporations engaged in trading or dealing in any kind of goods, wares, merchandise, either on land or in steamboats, wharf boats, or other craft stationed or plying in the waters of this State, and confectioners, whether such goods, wares, or merchandise be kept on hand for sale or the same be purchased and delivered for profit as ordered."

Section 26, subsec. 1, of the assessment act, defines the method of applying the rates of taxation provided by the act of 1909, supra, to be upon the average amount of capital invested by the merchant in his business. Section 27 provides as follows:

"That no merchant, firm, company, copartnership, corporation, agent, or trader shall commence or continue a business declared to be a privilege under this act or the revenue act in any county of this State without obtaining license from the clerk of such county in accordance with the previous provisions of this act."

Class 9 of section 8 is defined as follows:

"All personal property which is a part of the capital invested in the business of a merchant, commission, or auction merchant, factors, or manufacturers shall not be assessed separately as personalty, but shall be assessed as part of the capital as provided in section 26th this act."

Under the foregoing statutes, it is insisted by the State that the allegations of the bill show that the complainant is a trader or dealer in goods, wares, and merchandise, and is therefore a merchant, as defined by section 26, act of 1907, supra. It is insisted that the complainant falls within the authority of *Kurth* v. *State,* 86 Tenn., 137, 5 S. W., 593; *Webb* v. *State,* 11 Lea, 662, and *American Steel & Wire Co. v. Speed,* 110 Tenn., 524, 75 S. W., 1037, 100 Am. St. Rep., 814. The learned attorney-general interprets the foregoing cases as holding that a manufacturer, selling his own manufactured articles, is a dealer, although he does not buy to sell again, and is taxable as such.

We will first observe that *Kurth* v. *State, Webb* v. *State,* and *Taylor* v. *Vincent,* 12 Lea, 282, 47 Am. Rep., 338, are whisky cases, involving the *status* of whisky dealers under the whisky revenue statutes, and, therefore, do not fall within the same class of authority as *American Steel & Wire Company* v. *Speed.* It has been determined by this court, and we think it is generally understood by the profession, that statutes enacted for the purpose of raising revenue upon intoxicating liquors have a two-fold legislative purpose, and their enforcement has been administered with this double purpose in

view.  They not only provide revenue for the govern-
ment, but such revenues are placed at a high figure, so
that the collection of them aids materially in the regula-
tion of the traffic.  *Kelly & Co.* v. *State,* 123 Tenn., 516,
132 S. W., 193.  This was recognized by the court in
*Kurth* v. *State,* though not expressly stated in terms.  In
that case the court, speaking through Mr. Justice Lur-
ton, said:

"If the sale of wine under the circumstances of this
case may be made without license, then every distiller,
or other manufacturer of liquor out of the produce of
the State, can become a tippler, and the regulation of the
business of selling liquors as regulated by statute prac-
tically swept away.  In the contest between the taxed
liquor dealer and the untaxed class of manufacturers
the former would go down, the revenues of the State
would be largely depleted, and the business or occupa-
tion of selling liquors become the only untaxed occupa-
tion."

Such statutes rest both upon the taxing power and the
police power.  While revenue is derived from them, its
collection is a wholesome and valuable police regulation
of a business that is generally regarded as injurious to
the public morals.

So this line of cases, while entirely sound, is not
parallel to the case under consideration, and may be dis-
missed without further comment.  Before determining
the nature of the complainant's occupation or business,
it is proper to remark that the assessment and revnue
statutes of this State, in force for a great number of

Plow Co. v. Hays.

years, have been similar in their terms to those under consideration, and the executive department of the government has never before construed them as imposing a merchant's or dealer's tax upon manufacturers such as complainant. The construction placed upon a statute by the officers whose duty it is to execute it is entitled to great consideration. *United States* v. *Cerecedo Hermanas Y Compania,* 209 U. S., 337, 28 Sup. Ct., 532, 52 L. Ed., 821; *Union Insurance Company* v. *Hoge,* 21 How., 35, 16 L. Ed., 61; Cyc., vol. 36, p. 1140. The weight of such construction is of especial force in the case of statutes prescribing penalties, or levying impositions, where the executive construction has been in favor of the persons affected. *United States* v. *1,412 Gallons of Distilled Spirits,* 10 *Blatchf.,* 428, Fed. Cas., No. 15,960.

It is also a settled rule of interpretation in this State that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically pointed out, although standing upon a close analogy. All questions of doubt arising upon the construction of the statute will be resolved against the government, and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports. *English* v. *Crenshaw,* 120 Tenn., 531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St., Rep. 1025; *Memphis* v. *Bing,* 94 Tenn., 644, 30 S. W., 745; *Crenshaw* v. *Moore,* 124 Tenn., 528, 137 S. W., 924.

With the foregoing rules of construction in view, can it be said that the complainant is a merchant, or dealer, in the sense that it is liable for an occupation tax as such? We think not. The most restricted definition that can be given to the term "dealer" is one who takes profit in the distribution of goods and wares to the trade, in addition to the manufacturer's profit. A manufacturer is one engaged in making materials, raw or partly finished, into wares suitable for use. Anderson's Dictionary of Law; Webster. The marked distinction between a manufacturer and a merchant is that the merchant, or dealer, sells to earn a profit, and the manufacturer sells to take profit already earned. He must buy the materials out of which to make his finished product, and he must sell the product of his factory after it is finished. But such dealings are not his occupation. The one supplies him with the materials with which to pursue it, while the other merely enables him to take the profit earned.

All the useful secular occupations are conducted for profit. A fair return upon the capital invested by the owner, reasonable compensation for the organization and management of the business, a just wage for the laborer, are honorable incentives to useful human endeavor, and constitute the real value of the occupation. Whatever form of activity the occupation may take, its final and ultimate purpose is to reap the rewards of risk, thought, and labor in the realization of profit. The occupation itself cannot be separated from the right to take profits earned in its pursuit. The right to take

profit inheres in the right to pursue the occupation. Were it not so, the energies of the industrial world would become paralyzed and the labor of free men would be no better than that of felons. Civilization, as we know it, would crumble with decay, and all profitable enterprise would come to an end.

The complainant sells nothing except the product of its own factory, and does not sell that for a dealer's profit. Its only sales are to jobbers and commission men, and the only profit it takes is for manufacturing the articles sold. While it deals, and is a dealer, its dealings are merely incidental to its occupation of manufacturer. The case of *American Steel & Wire Company* v. *Speed*, supra, is not in conflict with the views here stated. That was the case of a manufacturer dealing as a merchant. If he deals as a merchant, either in his own wares or those of others, he is a merchant. Any course of business by which a dealer's profit is added to that of the manufacturer would make the manufacturer a merchant. The Steel & Wire Company added a middleman's profit to that which it had earned as a manufacturer by massing its wares made in different States at Memphis and distributing them to the trade from warehouses there. It was held to be a dealer, not because the warehouses in Memphis were widely separatd from its various factories in other States, but because it was enabled to add a profit to that which it could have received, had it distributed its wares from its factories by the course of dealing with the warehouseman and transfer company and river transporta-

tion.  This was clearly capital invested in, and labor
added to, the finished product in order to earn a profit
in the business of distributing the wares to the trade.
It is easily distinguishable from the initial sale by manu-
facturer to distributor.  It does not alter the case that
the profit was derived from cheaper transportation,
economy in handling the goods, or whatever its source.
It was a dealer's and not a manufacturer's profit, earned
upon additional investment in and labor bestowed upon
the wares, after their manufacture, in the process of dis-
tributing them to the trade.  The goods were massed in
and distributed for profit from this State, and were
therefore taxable here.

But the case of complainant is the converse of the
case of the American Steel & Wire Company.  The com-
plainant has no storerooms apart from its factory, and
does not store its wares, except to fill orders received,
or which, as a result of many years of experience and
close business calculation, it can safely anticipate.  The
only profit it seeks or receives in the act of distributing
its wares is the profit earned in manufacturing them.
This, we think, clearly shows that it is not a merchant,
and is not liable for the occupation tax sought to be im-
posed upon it.  The result is that the decree of the chan-
cellor is affirmed, and upon the agreement of counsel in
the record the temporary injunction heretofore granted
will be made perpetual.