H. G. HILL Co. *v.* W. A. WHITICE *et al.*

JOHN H. MCMILLAN *v.* SAME.

(*Nashville.*   December Term, 1923.)

1. **STATUTES.**   Validity of privilege tax held not affected by invalidity of other provisions of same act.

That some of the privileges declared taxable by Acts 1923, chapter 75, are predicated on population according to the federal census of 1920, without reference to any subsequent federal census, does not render the whole act void, and hence does not affect the validity of section 4, taxing rolling or traveling stores as privileges. (*Post, pp.* 172, 173.)

Acts cited and construed:   Acts 1923, ch. 75.

Cases cited and approved:   State v. Scott, 98 Tenn., 255; Dugger v. Insurance Co., 95 Tenn., 246; Reelfoot Lake Levee District v. Dawson, 97 Tenn., 151; Baker v. Miller, 137 Tenn., 55; McCamey v. Cummings, 130 Tenn., 494.

2. **LICENSES.**   Motor trucks from which groceries were sold by owners of retail stores held subject to separate privilege tax; ''rolling or traveling stores.''

Operation of motor trucks, from which groceries were sold and delivered by owners of retail grocery stores, on which privilege and *ad valorem* taxes were paid, *held* not a mere incident of such retail grocery business, but a separate and independent business, subject to taxation, under Acts 1923, chapter 75, section 4, imposing privilege taxes on "rolling or traveling stores." (*Post.* p. 173, 174.)

3. **LICENSES.**   ''Privilege'' defined.

A privilege is whatever business, pursuit, occupation, or vocation affecting the public the legislature chooses to declare and tax as such. (*Post, p.* 174.)

H. G. Hill Co. v. Whitice.

Cases cited and approved: Mabry v. Tarver, 20 Tenn., 94; Jenkins v. Ewin, 55 Tenn., 456; Kurth v. State, 86 Tenn., 134; Railroad v. Harris, 99 Tenn., 702.

4. **LICENSES.** Taxation of motor trucks operated by retail groceries as rolling stores held not double taxation.

Taxation of motor trucks, from which groceries were sold and delivered by owners of stationary retail stores, paying privilege and *ad valorem* taxes as rolling or traveling stores, under Act 1923, chapter 75, section 4, *held* not double taxation. (*Post, p. 175.*)

Cases cited and approved: Cigar Co. v. Cooper, 99 Tenn., 473; Keely v. Dwyer, 75 Tenn., 180.

5. **LICENSES.** Tax not subject to rule of uniformity.

The legislature's unlimited discretion, under Constitution article 2, section 28, to declare and tax privileges, such as that of operating rolling or traveling stores, is not subject to the rule of uniformity, and cannot be restrained or controlled by the courts on the ground that a tax imposed is unreasonable, oppressive, confiscatory, or discriminatory. (*Post, p. 175.*)

Cases cited and approved: Jenkins v. Ewin, 55 Tenn., 456; Friedman v. Mathes, 55 Tenn., 489; American Steel Wire Co v. Speed, 110 Tenn., 524; Trentham v. Moore, 111 Tenn., 346.

Constitution cited and construed: Art. 2, sec. 28.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. —HON. W. B. GARVIN, Chancellor.

JOE V. WILLIAMS, for H. G. Hill & Co.

SAM J. MCALLESTER, for McMillan.

SHEPHERD, CARDEN & BASS, TATUM THACH & LYNCH, and C. S. LITTLETON, for appellees.

MR. JUSTICE HALL delivered the opinion of the Court.

The original bills in these causes were filed by complainants, who are retail grocery merchants in the city of Chattanooga, Hamilton county, Tenn., against W. A. Whitice, county court clerk of Hamilton county, Horace Humphreys, sheriff of said county, Hamilton county, city of Chattanooga, and the mayor and board of commissioners of said city, challenging the right of said defendants to collect from them certain privilege taxes levied by chapter 75 of the Public Acts of 1923. This act is the general revenue act passed by the General Assembly for that year, and the levy in question appears in section 4 on page 250 of said act, and is as follows:

"Every person, firm, or corporation, whether principal or agent, who operates what is known as a rolling or traveling store, that is a store on a truck or motor vehicle carrying stocks of groceries or other goods and selling the same to the public, shall pay for each such store, per annum, $150."

The defendant Whitice, as clerk of the county court of Hamilton county, having issued distress warrants against said complainants for said privilege tax, they paid the same under protest, and filed the present bills to recover back the tax so paid, and to enjoin defendants from hereafter collecting any further privilege tax from them under said act.

The city of Chattanooga and mayor and board of commissioners of the city were made defendants to the bill upon the theory that, unless enjoined from doing so, the city of Chattanooga, through its municipal authorities,

would undertake to collect from complainants a similar tax under said act.

Complainants alleged in their bills that they were not subject to said privilege tax; and that the levy was void because oppressive and unreasonable; and that the entire Revenue Act of 1923 is unconstitutional and void, because a large portion of the taxes therein levied is based on the population according to the federal census of 1920, and without reference to any subsequent federal census.

The bills further alleged that, while complainants operated retail grocery stores in the city of Chattanooga at certain designated places in said city, for which they paid a privilege tax to the State, county and municipality, and also an *ad valorem* tax on their stocks of goods, they operated various large motor trucks of the capacity from one and one-half to two tons, and upon which were constructed large wooden bodies or beds into which groceries were loaded from their retail stores at stated periods, and each of said trucks were placed in charge of a manager, and were operated by such managers over designated routes in the city of Chattanooga each day, and from which such groceries were sold and delivered by the managers in charge of said trucks to the public and persons living upon said routes, and the money collected for said purchases by said managers at the time and place of sale.

The bills alleged that said trucks so operated by complainants were an incident and integral part of their retail grocery business, and do not come within the definition of "rolling stores" as defined by said act, and are not, therefore, subject to the privilege tax levied by said act. And, in view of the fact that complainants have already paid to the State, county, and municipality a privilege tax

for the privilege of conducting their retail grocery busi-
ness, the levy of this additional tax of $150 on the trucks
operated by them is double taxation, and for that rea-
son is illegal and void, and cannot be collected by defend-
ants.

Temporary injunctions were issued upon *fiats* of the
chancellor in accordance with the prayers of the bills.

Defendants demurred to each of the bills upon the fol-
lowing grounds:

(1)    That they showed that complainants were en-
gaged in operating various rolling or traveling stores in
the city of Chattanooga, and were engaged in selling
groceries from said rolling or traveling stores to the pub-
lic, and the operation of each of said stores is made and de-
fined as a privilege by chapter 75 of the Acts of 1923.

(2)    That chapter 75 of the Acts of 1923, making and
defining the operation of such stores a privilege, and levy-
ing a tax thereon, is a valid enactment, and complainants
are liable for the tax so levied.

The causes were consolidated in the court below, and
heard upon the bills and demurrers, when the chancellor
sustained the demurrers and dismissed complainants' bills
and taxed them with the costs.    From this decree com-
plainants have appealed to this court and assigned errors.

By their first assignment of error complainants insist
that the whole of chapter 75 of the Acts of 1923 is void
for the reason that a number of the privileges declared
taxable by said act are predicated on a population basis
according to the federal census of 1920, and without refer-
ence to any subsequent federal census, under section 13
of said act.

This is true, but complainants do not fall within that

class of privileges but an entirely different class. The privilege of operating rolling stores is declared and a tax levied thereon without reference to population. The failure of the legislature to provide that certain other privileges, which were fixed on a population basis, should be according to the federal census of 1920, or any subsequent federal census, does not render the entire act void. This defect could only affect those provisions of the act which undertake to fix the tax upon privileges, the amount of which is graduated according to population. In other words, it would not render the whole act void, but only such provisions as make and define the privileges on a population basis and tax them accordingly. These provisions of the act are not connected with, but are wholly independent of, the provisions declaring rolling stores a privilege, and taxing them as such. Therefore, if the other provisions of the act referred to were unconstitutional, which question we need not decide, they could be elided, and the remainder of the act held valid. *State v. Scott,* 98 Tenn., 255, 39 S. W., 1, 36 L. R. A., 461; *Dugger v. Insurance Co.,* 95 Tenn., 246, 32 S. W., 5, 28 L. R. A. 796; *Reelfoot Lake Levee District v. Dawson,* 97 Tenn., 151, 36 S. W., 1041, 34 L. R. A., 725; *Baker v. Miller,* 137 Tenn., 55, 191 S. W., 527; *McCamey v. Cummings,* 130 Tenn., 494, 172 S. W., 311.

It is next insisted by complainants that the operation of said trucks are a mere incident and integral part of their retail grocery business, and, since they have paid the usual privilege and *ad valorem* taxes as such grocery merchants, they have the right to operate such rolling stores and sell goods from them to the public without being liable for any additional tax.

We cannot assent to this contention. The operation of these trucks form a distinct and independent means of selling groceries by complainants to the public. It is not different to the operation by them of several independent stores in the city of Chattanooga. Each one of these rolling stores is a separate and distinct entity in charge of a manager, and is engaged in selling at retail groceries to the general public just as much as complainants' stationary stores. By the operation of these stores complainants' sales are greatly increased, and each one of them constitutes an independent store or business just as much as if stationed in a designated part of the city and customers visited it to make purchases instead of such store visiting the homes of customers.

It is conceded by counsel for complainants that in the operation or conduct of separate stationary stores in different localities of the city of Chattanooga complainants are liable for a privilege tax on each store. Then why are they not liable for traveling stores that are operated in certain parts of the city over designated routes each day in charge of managers, and from which goods are sold and delivered to their patrons? We think this is just as much the carrying on of a separate and independent business as is the operation of separate stationary stores in different parts of the city.

The legislature has declared the operation of such stores a privilege. A privilege is whatever business pursuant, occupation, or vocation affecting the public the legislature chooses to declare and tax as such. *Mabry* v. *Tarver*, 1 Humph., 94; *Jenkins* v. *Ewin*, 8 Heisk., 456; *Kurth* v. *State*, 86 Tenn., 134, 5 S. W., 593; *Railroad* v. *Harris*, 99 Tenn., 702, 43 S. W., 115, 53 L. R. A., 921.

H. G. Hill Co. v. Whitice.

It is next said that the effect of declaring the operation of these stores by complainants a privilege is double taxation.

This contention is without merit. We have held that the operation of these stores under the averments of the bills is wholly distinct and separate from the stationary retail grocery stores operated by complainants and that the legislature had the right to declare their operation a privilege and tax them as such. We think the tax is in no sense double taxation. *Cigar Co.* v. *Cooper*, 99 Tenn., 473, 42 S. W., 687; *Keely* v. *Dwyer*, 7 Lea, 180.

It is next insisted, in view of the averments of the bill, that the tax practically equals the profits earned by these stores, it is unreasonable, oppressive, confiscatory, and therefore illegal and void.

The power of the legislature to tax privileges is found in article 2, section 28, of our Constitution. This section provides that the legislature shall have power to tax merchants, peddlers, and privileges in such 'manner as they may from time to time direct. It will therefore be seen that the legislature is not bound by the rule of uniformity prescribed in case of taxes on property. The power of the legislature to declare and tax privileges is unlimited. Its discretion in this regard cannot be restrained or controlled by the courts. *Jenkins* v. *Ewin*, supra; *Friedman* v. *Mathes*, 8 Heisk., 489; *Kelly* v. *Dwyer*, supra; *American Steel Wire Co.* v. *Speed*, 110 Tenn., 524, 75 S. W., 1037, 100 Am. St. Rep., 814; *Trentham* v. *Moore*, 111 Tenn., 346, 76 S. W., 904.

We find no error in the decree of the chancellor, and it is affirmed, with costs.