MORGAN & HAMILTON CO. *v.* CITY OF NASHVILLE.

*(Nashville.   December Term, 1924.)*

1. **TAXATION.** Product of soil taxable after leaving hands of producer
   and his immediate vendee.

   Products of soil of State are not exempt from taxation, under Con·
   stitution, article 2, section 28, and Acts 1907, chapter 602, section 2,
   after they have left hands of producer and his immediate vendee.
   (*Post, p.* 386.)

2. **TAXATION.** Manufactured articles not exempt from taxation after
   passing from hands of manufacturer.

   Immunity from taxation, under Constitution, article 2, section 30,
   does not follow manufactured articles after they have left hands of
   manufacturer; manufactured articles not being exempt as commod-
   ities of commerce, but as articles of manufacture in hands of
   manufacturer. (*Post, p.* 386.)

   Acts cited and construed: Acts 1907, ch. 602, sec. 2; Acts 1883, ch.
   104; Acts 1889, ch. 96.

   Cases cited and approved: Darnell v. Memphis, 208 U. S., 115; State
   v. Crawford, 39 Tenn., 461; Kurth v. State, 86 Tenn., 134; Steel &
   Wire Co. v. Speed, 110 Tenn., 540.

   Constitution cited and construed: Art. 2, sec. 30.

3. **TAXATION.** Cotton and burlap to be manufactured into bags not
   exempt from taxation until process begins; ''manufactured prod-
   ucts.''

   Cotton and burlap, in storage in factory awaiting manufacture into
   bags, *held* not exempt from taxation, under Constitution, article,
   2, section 30, as "manufactured products," until the process of con-
   version into manufactured articles actually begins. (*Post, pp.* 387-
   389.)

Morgan & Hamilton Co. v. City of Nashville.

Cases cited and approved: Neuhoff Packing Co. v. Sharpe, 146 Tenn., 303; Nashville Tobacco Works v. City of Nashville, 149 Tenn., 551.

Case cited and distinguished: Benedict v. Davidson Co., 110 Tenn., 183.

*Headnotes 1. Taxation, 37 Cyc., p. 909 (1926 Anno); 2. Taxation, 37 Cyc., p. 909 (1926 Anno.); 3. Taxation, 37 Cyc., p. 909 (1926 Anno.).

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —HON. JAMES B. NEWMAN, Chancellor.

CLARENCE T. BOYD, for plaintiff.

J. CARLTON LOSER and NORMAN R. MINICK, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

In assessing the capital stock of Morgan & Hamilton Company, a domestic corporation, for the years 1919, 1920, and 1921, the tax assessor of the city of Nashville included in the schedules the value of cotton and burlap in bales stored by complainant, awaiting use for manufacturing purposes. Each assessment was duly protested, and by agreement with the city the complainant paid, each year, the undisputed portion of the taxes assessed, and after the assessment of 1921 filed the bill to enjoin collection of the disputed portion of the tax.

The appeal presents the inquiry of whether the cotton and burlap stored by complainant awaiting conversion into the articles which it manufactured was exempt from taxation. It appears that complainant is engaged in the manufacture of cotton, burlap, and paper bags. The

cotton claimed to be exempt was produced in Tennessee and Alabama, and purchased by complainant from dealers after it passed from the hands of the immediate vendee of the producer. The burlap, made from jute fiber, was produced in India, where it was converted into bagging and baled for export and sale. It was imported to America, sold as a commodity of commerce, and purchased by complainant for manufacture into burlap bags.

To ascertain the status of these commodities as of January 10th, each year for which the exemption is claimed, the chancellor directed a reference to the master. The master reported that complainant had on hand:

"(1)   January 10, 1919, exclusive of that in process of manufacture, two thousand and two bales of cotton, valued at $306,005.56, and in process of manufacture four hundred seventy-two bales, valued at $82,951.44. The value of the burlap in bales was $22,727.93.

"(2)   January 10, 1920, exclusive of that in process of manufacture, two thousand and eighty-five bales of cotton, valued at $387,586.72, and in process of manufacture four hundred sixty-nine bales, valued at $95,-732.19. The value of burlap in bales was $35,222.18.

"(3)   January 10, 1921, exclusive of that in process of manufacture, sixty bales of cotton, valued at $4,584.77, and in process of manufacture four hundred seventy-eight bales, valued at $57,971.78. The value of burlap was $7,063.98."

The chancellor held that the cotton and burlap in bales kept by complainant in storage was subject to taxation, and that such as was in process of manufacture was exempt from taxation, and a decree was accordingly entered:

"That the preliminary injunction heretofore granted be and is hereby dissolved, except as to the collection of any tax on $82,951.44, the value of bales of cotton in process of manufacture included in the assessment of $620,700 for the year 1919; $95,732.19, the value of bales of cotton in process of manufacture included in the assessment of $721,750 for the year 1920; and $57,971.78, the value of bales of cotton in process of manufacture included in the assessment of $256,900 for the year 1921 on the capital stock or corporate property of complainant, and the enforcement of the assessments for said respective years to the amount of said items and the collection of any tax by the city on said items is permanently enjoined.

"That the costs of this cause be paid one-half by complainant and its surety and one-half by the defendants, for which let execution issue."

It is insisted on behalf of complainant that the cotton in bales stored in the warehouse was a manufactured article exempt from taxation under article 2, section 30, of the Constitution of Tennessee, and that the burlap in bales, stored in the warehouse, was exempt as a product of the soil and as an article manufactured, under article 2, section 28 (chapter 602, section 2, Acts of 1907), and article 2, section 30, of the Constitution of Tennessee.

The last proposition arises under article 1, section 8, the commerce clause, and the Fourteenth Amendment of the Constitution of the United States (*Darnell* v. *Memphis,* 208 U. S., 115, 28 S. Ct., 247, 52 L. Ed., 413), which forbid discrimination by the State in favor of its own products, because an obstruction to interstate commerce, and a denial of equal rights to citizens of the other States.

The jute from which the burlap was made passed from the producer in India to a manufacturer, who converted it into fabric, put it into bales for export, and passed it on to the currents of commerce, through which it reached the complainant. It is not contended that the complainant is the immediate vendee of the producer of the jute, nor that complainant carried it through any of the processes necessary to convert it into burlap fabric. Had the jute been the produce of the soil of Tennessee, it would not have been exempt from taxation under article 2, section 28, because it had left the producer and his immediate vendee before it was acquired by complainant. Had the jute been purchased from a producer in Tennessee by a manufacturer, who converted it into burlap fabric, and who then put it upon the market, after which it was acquired by complainant to be used as material for its manufacturing purposes, it would not be exempt as a manufactured article under article 2, section 30, of the Constitution, because the immunity from taxation of the article of manufacture assured by the Constitution does not follow after the article has passed from the manufacturer of the particular article he produces or designs. Manufactured articles are not exempt as commodities of commerce, but as articles of manufacture in the hands of the manufacturer. Such has been the judicial and legislative interpretation of article 2, section 30, for a long period of years. *State v. Crawford,* 2 Head, 461; *Kurth v. State,* 86 Tenn., 134, 5 S. W., 593; *Steel & Wire Co. v. Speed,* 110 Tenn., 540, 75 S. W., 1037, 100 Am. St. Rep., 814; chapter 104, Acts 1883; chapter 96, Acts 1889.

Until the burlap cloth in bales acquired by complainant from the weaver of burlap in India, and the cotton in bales acquired by complainant from dealers in Tennessee and Alabama was converted into the articles which complainant as a manufacturer produced, article 2, section 30, of the Constitution, would afford no exemption from taxation. The exemption intended to encourage domestic manufacture is an exemption of the article manufactured, not of the commodities which the manufacturer may buy, store, and resell upon a favorable market, or use for manufacturing purposes, according to the dictates of interest. The manufacturer is entitled to every protection guaranteed by the Constitution, and he is entitled to the exemption from taxation upon the article which he manufactures, but the commodity to be converted into the article is not exempt until the process of conversion actually begins. The cotton and burlap in storage awaiting conversion were not exempt, because they were not articles which the complainant manufactured. The exemption from taxation of the article produced by the artisan or manufacturer, intended to promote industry, cannot be extended by construction beyond the clearly expression intention of the makers of the Constitution.

"The purpose of this provision of the Constitution was to encourage manufacture, and the framers of the Constitution were dealing with manufactured articles and providing for their exemption. They did not exempt the original products, and it was only after their form had been changed that they could be exempted." *Neuhoff Packing Co.* v. *Sharpe,* 146 Tenn., 303, 240 S. W., 1103.

We cannot distinguish the case under consideration from that of *Nashville Tobacco Works* v. *City of Nashville,* 149 Tenn., 551, 260 S. W., 449, where the court said that tobacco in hogsheads, like wheat in bins or elevators, is a direct product of the soil, and not an article manufactured of the produce of the State. The product of the soil is exempt in the hands of the producer or the immediate vendee. Passing beyond, it is not exempt until it becomes an article of manufacture, which would date from the time the artisan commences to convert the produce or commodity into an article which he manufactures; that is to say, when he commences to produce an article different from the original product which he bought for use in manufacturing. Cotton in bales is not an article of manufacture any more than tobacco in hogsheads. Cotton in bales may be used for a diversity of purposes, and was not confined in its use to making bags. If the cotton was an article of manufacture, complainant did not make it.

In *Benedict* v. *Davidson County,* 110 Tenn., 183, 67 S. W., 806, the court held that logs and lumber at the mill of Benedict Bros. was exempt from taxation, because articles manufactured from the produce of the State. The Benedicts were engaged in the manufacture of lumber from logs, which they cut from their own land and bought from other landowners. They were manufacturers of lumber, and they carried these logs to their mill as the initial step of their business as manufacturers. Speaking of the logs, the court said:

"The process of manufacturing begins at least when the log is on the yard for the purpose of being sawed. When it is sawed into rough lumber, and when that is

ripped into sizes and lengths, and when these are fastened together, and fitted one piece to another, and when the article is being polished, glazed, rubbed, or varnished, in all the stages from the time the log is on the yard until it appears finished by the manufacturer, the exemption attaches and continues.''

Rough logs are not such commodities as may be stored and held for favorable markets, because they decay rapidly. They do not readily pass through the channels of trade. The logs were exempt when the process of manufacture commenced, not because they were articles of manufacture, but because, when put upon the mill yard, the manufacturer commenced the process necessary to complete his object of a manufacturer of lumber.

The complainant's assignments of error are overruled.

The chancellor exercised sound discretion in apportioning the costs. His decree is in all things affirmed.