# KRASNER v. MOORE.—222 S. W. (2d) 623.

Western Section.   April 28, 1949.

Petition for Certiorari denied by Supreme Court, July 9, 1949.

Sam Taubenblaet and J. S. Shields, both of Memphis, for appellant.

Harry P. Rubert, of Memphis, for appellee.

BAPTIST, J.  The parties will be referred to according to their status in the Circuit Court.

The declaration alleges that the plaintiff, Thomas B. Moore, doing business as Thomas B. Moore Realty Company, is a duly authorized real estate agent and broker in the City of Memphis; that the defendant, Alex Krasner, doing business as Krasner Furniture Company, was the owner of a furniture manufacturing store in said city; that the defendant was desirous of selling his store and entered into a written contract with the plaintiff wherein the defendant gave the plaintiff an exclusive listing for the sale of said store and agreed to pay the sum of five per cent commission upon the sale price; that within the terms of the contract the plaintiff secured a prospective purchaser who submitted an offer to the defendant, and, after a series of negotiations, a party

produced by the plaintiff entered into a contract with the defendant for the purchase of said store upon terms and conditions satisfactory to the defendant; that as a result of the plaintiff's efforts, the defendant sold the furniture store, thereby entitling the plaintiff to a commission of five per cent of the sale price of the store.

The defendant's pleas are that at the time of alleged contract the plaintiff was not qualified to do business as a real estate broker or agent in that the plaintiff had not filed bond as required by law; and that the salesman who handled the transaction for the plaintiff was not qualified to do business and act for the plaintiff.

The cause was heard by the Circuit Judge without a jury, and he found issues in favor of the plaintiff in the sum of $2,154.13, and judgment was entered for this amount.

The defendant's motion for a new trial being overruled, he has appealed to this Court in the nature of a writ of error and assigned errors.

The cause is heard in this Court *de novo* upon the record with a presumption as to the correctness of the judgment in the Circuit Court unless the evidence preponderates against it.

The material facts in this case are not disputed. The defendant, Alex Krasner, was engaged in the furniture and furniture manufacturing business in the City of Memphis, operating as Krasner Furniture Company. Mrs. Cleo P. Cooper, a salesman for the plaintiff, Thomas B. Moore Realty Company, contacted Mr. Krasner with reference to the sale of his business. After conferences between these latter two, Mr. Krasner entered into a written contract authorizing the plaintiff, Thomas B. Moore Realty Company, to sell the furniture business, and agreeing to pay five per cent commission on the sale

price. This business was advertised for sale by the plaintiff. Mrs. Cooper got in contact with one Mr. Scott, who was in the furniture business, about eight or ten days after the contract was signed. Also, through Mr. Scott, Mrs. Cooper got in contact with one Mr. Shaffler. She took both of these parties to see the defendant, Krasner, and introduced the two parties to the defendant as prospective purchasers of the business. They discussed the property at that time. Scott dropped out of the deal and eventually, after Mrs. Cooper, Shaffler and Krasner had discussed the matter a number of times, the defendant sold the business to Shaffler for $43,082.63.

The defendant declined to pay the commission as provided in the contract, whereupon this suit was brought.

The plaintiff, Thomas B. Moore Realty Company, was operating as a general merchandise broker under a State and County Privilege License issued by the proper legal authorities of Shelby County.

Also, after the suit was filed, Mrs. Cleo Cooper purchased a general merchandise broker's license under Code Section 1248.142h, providing that no contract made by a person in a business or occupation subject to a license or privilege tax shall be invalid for failure of the person to have paid such tax at the time such contract was made, provided such person shall, prior to the date of adjudication in the Court of original jurisdiction, pay double the tax due at the time the contract was made and, in addition thereto, the penalty prescribed by law.

The first contention made by the defendant is that the license as general merchandise broker of Thomas B. Moore Realty Company was not sufficient for said company and its salesmen to transact the business of selling businesses on commissions.

The licenses held by the plaintiff and by Mrs. Cooper were issued under Section 1248.28(c) providing:

"All persons acting as a broker, broker's agent, general agent, manufacturer's agent, or soliciting or accepting orders for the purchase of any and all commodities and receiving a commission or brokerage for so acting, when representing manufacturers, processors, canners, packers, refiners, millers, or other shippers of commodities, where a stock is carried or where such business is intrastate, when such persons are domiciled in this state or maintaining an office, agency or representative in this state, shall pay the following tax:

"In all cities and counties, regardless of population, per annum. . . . $30.00 (1937, Ch. 108, art. 2, sec. 1; 1937, ch. 192, sec. 20; 1939, ch. 21, secs. 23, 32)."

The licenses issued and in question here are issued as "General Merchandise Broker" licenses.

In Vol. 1, Bouvier's Law Dictionary Rawle's Third Revision, the definition of broker is: "Those who are engaged for others in a negotiation of contracts relative to property, with the custody of which they have no concern." And: "Merchandise Brokers negotiating the sale of merchandise without having possession or control of it, as factors have."

In Spears v. Loague, 46 Tenn. 420, a broker is defined to be an agent who is employed to negotiate sales between persons for a compensation in the form of a commission; and in the proper exercise of his functions as such he does not act in his own name, but as a middleman and is in no sense a commission merchant.

We think without doubt that in the case at bar the plaintiff was acting as a merchandise broker in the sale of defendant's business according to the definitions above set out, and that he had the proper license so to do.

The license in question was issued from the office of the County Court Clerk of Shelby County, Tennessee, by A. H. Johnson, Deputy Clerk. Mr. Johnson testified that he had been handling this division of the Clerk's office for thirty years; that for many years licenses had been issued to general merchandise brokers, which covers any person selling businesses under Code Section 1248.28 (c), and under this Section only.

In Chattanooga Plow Company v. Hays, 125 Tenn. 148, 140 S. W. 1068, 1069, it is said: "Before determining the nature of the complainant's occupation or business, it is proper to remark that the assessment and revenue statutes of this state, in force for a great number of years, have been similar in their terms to those under consideration, and the executive department of the government has never before construed them as imposing a merchant's or dealer's tax upon manufacturers such as complainant. The construction placed upon a statute by the officers whose duty it is to execute it is entitled to a great consideration."

The defendant contends that it was necessary for the plaintiff to have a license, file a bond and pay the tax required by Code Sections 1691, 1698 and 1702.

We think these sections of the Code have no application.

■ The evident purpose of these sections is to place a tax on·merchants who maintain a stock of merchandise.

Section 1691 provides that no merchant or trader will commence or continue a business declared to be a privilege without obtaining a license.

Section 1690 defines a merchant as follows: "The term 'merchant' includes all persons . . . engaged in trading or dealing in any kind of goods, wares, merchandise, either on land or in steam boats, wharf-boats,

or other craft . . . and confectioners, and others, whether such goods, wares or merchandise be kept on hand for sale or the same be purchased and delivered for profit as ordered.''

Section 1698 is that merchants applying for licenses shall execute a bond for the payment of all taxes, fines and penalties provided by law.

Section 1702 provides a method for the assessment for taxation on all stocks of merchandise, wares, goods and chattels sold at auction or on commission.

Obviously these sections refer to a merchant engaged in the sale of merchandise and not to a broker engaged in the sale of businesses. The plaintiff was not a merchant as defined in Section 1690.

The defendant contends that the sale of the business in this case together with a leasehold made the sale one of realty and that the salesman had no real estate license. In other words, that a lease being incidentally involved in the transaction created a transaction in real estate.

We cannot agree with this contention.

The contract itself has no reference to a lease.

The matter of leasing the premises to the purchaser of the business was incidental to the transaction for the reason that the purchaser, Shaffler, would not buy the business unless he could get a lease or rental of the premises in which the business was conducted. The lease was not figured in the amount of the purchase price of the business, and the plaintiff had no part in the negotations regarding the lease. These negotations were carried on between the defendant and Shaffler entirely independent of the plaintiff.

It is true that the defendant, Krasner, would not sell the business to any party unless the party would lease

the building, and Shaffler would not buy the business unless he could rent the building; but it is also true that there was no contract, understanding or agreement that the plaintiff was to have any part in negotiating that part of the transaction. Therefore, the contract between plaintiff and defendant was not in real estate.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed.

A judgment will be entered here in favor of the plaintiff for $2,154.13, with interest from the date of the judgment in the Circuit Court.

The defendant will pay the costs.

Anderson, P. J., and Swepston, J., concur.