## CIGAR CO. *v.* COOPER.

(*Knoxville.* October 6, 1897.)

TAXATION. *Of cigar stands.*

A licensed merchant or saloon keeper who sells cigars to consumers in connection with his regular licensed business, is liable for the special privilege tax laid upon "cigar stands" by the revenue Act of 1897, in addition to the privilege taxes laid upon merchants and saloon keepers.

Acts construed: Acts 1897, Ch. 2.

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox County. JOSEPH W. SNEED, J.

JAS. TAYLOR and TRENT & FORD for Cigar Co.

Attorney-general PICKLE, ARMSTRONG & SMITHSON, NOBLE SMITHSON, E. F. MYNATT and S. P. FOWLER for Cooper.

SNODGRASS, C. J. The question raised in this case and the one heard with it (Badget & French *v.* Cooper, Clerk), is whether one who is licensed to do other mercantile business and saloon business, is liable for the privilege tax on "cigar stands," where such stand or place of selling cigars to consumers is kept in connection with other business, for the doing of which plaintiff had license.

The Act of 1897, Ch. 2, Sec. 4, levied a privilege tax on "cigar stands." The amount of the tax was graded according to population of the place of sale, viz.: In cities, towns, and taxing districts of 20,000 inhabitants or over, $10.00; in such places under 20,000, $5.00. Acts, page 54. The keeping of cigar stands was not only declared a privilege, but the Act in regard to this and all other privileges therein enumerated, provides that "it shall not be so construed as to exempt any person, firm, or corporation whatever, exercising any of the foregoing privileges, from the tax herein prescribed for the exercise of said privilege except as herein provided, and that any and all parties, firms, or corporations exercising any of the foregoing privileges, must pay the taxes as set forth in this Act for the exercise of said privileges, whether they make a business of it or not." Sec. 14, p. 80. There is no exemption in the Act in favor of anyone engaged in any other business, and hence the Act is obligatory upon all persons who sell cigars to consumers from a stand, whether they be licensed to do other business or not. The only question in the two cases being considered, is whether either or both plaintiffs were engaged in keeping a cigar stand.

The Knoxville Cigar Company is a firm of retail merchants, licensed as such, and doing business in Knoxville, a city of more than 20,000 inhabitants. They carry in stock cigars, showcases, a general line of tobacco, pipes, soap, and, at times, jewelry

and other articles generally carried in mercantile establishments. They sell cigars both at wholesale and retail. Cigars are kept in a showcase on the counter in their store, in the same room with the other stock kept by them, and are retailed to consumers.

The plaintiffs in the other case, Badget & French, are retail liquor dealers in Knoxville, and carry in stock liquors, wines, beer, tobacco, mineral water, and the like. They operate under a liquor dealer's and merchant's license. They retail cigars to consumers, the cigars being kept only a few boxes at a time, in a showcase on the counter in the building occupied by them as a saloon. They have a screen, which runs almost entirely across the room, shutting off the tippling counter from the view of persons outside of the building. The cigars are kept on that side of the counter not concealed by the screen. Upon these facts both parties denied their liability for this tax. They paid it, however, under protest, and sued within proper time to recover it back. The Circuit Judge held that they were not entitled to recover, and they have appealed.

We are of opinion that the Circuit Judge was correct in his holding. A cigar stand within the meaning of the Act of the Legislature is simply a place where cigars can be purchased by consumers, and from which they are sold to them in a regular business. It does not matter that the

cigar stand may be kept in connection with other business. The Legislature has made this a privilege, whether so kept or not, and the matter is one exclusively within legislative control. There is no constitutional regulation of the tax on privileges. The whole subject is left to the Legislature. It has made this a privilege, and it is equally so, whether done by one doing any other business or not. It is said this multiplies the privilege taxes which the taxpayer has to pay. This is true, but true only if he indulges in the business of keeping such stands for the sale of cigars. It is no more charged to retail merchants and to saloon keepers than to the wholesale merchant if he should erect such a place to retail cigars to consumers in his establishment, whatever the establishment might be. The argument that the Legislature intended to charge this privilege tax only to those who might keep such stands not connected with any other business, is unsound. Had it intended this in making the law, it would have defeated the object of getting any revenue under this head, for it would have required a taxed business to be run in competition with the same business untaxed because carried on in connection with something else.

We are not called upon to pass upon the wisdom or the unwisdom, the justice or the injustice, of this enactment. The law is thus made, and must be applied as written.

The judgment is affirmed.