## MARTIN BARLIN *v.* KNOX COUNTY.

### (*Knoxville.*   September Term, 1916.)

**1. CONSTITUTIONAL LAW.   Licenses.   Due Process of law.**

Pub. Acts 1915, chapter 101, section 4, imposing a privilege tax on shoe-shining parlors, and containing a proviso exempting barber shops where shoe shining is carried on from the provision, is not violative of Constitution, article 1, section 8, providing that no man shall be in any manner deprived of property but by law of the land.   (*Post, pp.* 239-241.)

Acts cited and construed:   Acts 1915, ch. 101, sec. 4.

Cases cited and approved:   Demoville & Co. v. Davidson County, 87 Tenn., 214;   Stratton Claimants v. Morris Claimants, 89 Tenn., 497.

Constitution cited and construed:   Art. 1, sec. 8.

**2. CONSTITUTIONAL LAW.   Privileges and immunities.**

Nor is the act violative of Constitution article 11, section 8, providing that the legislature shall have no power to pass laws granting any individual or individuals immunities or exemptions, not extended to any other who may be able to bring himself within its provisions.   (*Post, pp.* 239-241.)

**3. EVIDENCE.   Judicial notice.   Matters of common knowledge.**

Barber shops and shoe-shining parlors are well-known businesses, of the conduct of which the court may take judicial cognizance.   (*Post, pp.* 239-241.)

---

### FROM KNOX.

---

Appeal from the Chancery Court of Knox County. —NOBLE SMITHSON, Special Chancellor.

BOWEN & ANDERSON, for appellant.

JAMES G. JOHNSON, for appellee.

·MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This case involves the validity of a privilege tax declared by the Revenue Act of 1915 (see chapter 101, pp. 263-290, Public Acts of that year), worded as follows:

"Shoe Shining Parlors. Each person, firm or corporation conducting a shoe shining parlor in cities or towns of . . . sixty thousand inhabitants or over, each footrest, per annum, $2.00. In cities, or towns of thirty thousand inhabitants, and not more than sixty thousand, each footrest, per annum, $1.00. In cities or towns of less than thirty thousand inhabitants, each footrest, per annum, $.50. Space for one person shall be construed as two footrests: Provided, this shall not apply to barber shops."

Barlin is the owner and operator of five shoe-shining parlors located in the city of Knoxville, and the aggregate number of footrests in the parlors is sixty-eight. He insists that so much of the Revenue Act as is above set out is void, on the ground that it is arbitrary and capricious class legislation, and contravenes sections 8 of article 1 and 11 of the State Constitution. His argument is that barber shops, operating where shoe shining is also done, fall within the class of shoe shining parlors, and that the *proviso* effects an exemption of barber shops from the

payment of the privilege tax, and therefore works an arbitrary and capricious classification, and accordingly is not the law of the land, within the meaning of section 8 of article 1 of the Constitution; also that the *proviso* suspends the operation of the act, which is a general law, so as to save, or exempt, barber shops from the payment of the privilege tax, and is therefore the suspension of a general law for the benefit of a particular individual or individuals, or the passage of a general law for such benefit, and confers rights, privileges, and immunities, or exemptions, to such individual, or individuals, to wit those conducting barber shops, within the meaning of section 8, art. 11, of the State Constitution. We think both of these contentions must fail, because we cannot agree that conducting a barber shop, where is also done shoe shining, but only as a mere incident of the business, is a shoe-shining parlor, within the meaning of the legislation. Of course, wherever shoe shining is conducted on such a scale in a barber shop that it becomes the main feature or object of the business there conducted, such business would cease to be a barber shop, and become a shoe-shining parlor within the meaning of the statute; and, vice versa, a shoe-shining parlor by the same process might be converted into a barber shop within the meaning of the act. But the conduct of a barber shop is a well-known business, a fact of which the court may take judicial cognizance; and likewise it is with the conduct of the business of a shoe-shining

Barlin v. Knox County.

parlor. There are also well-known incidents or acts of business usually conducted in connection with the principal' business of shining shoes, and carrying on the activities of a tonsorial artist, such as the sale of shoestrings, brushing the clothing of customers, etc., yet it seems clear to us that between the two main businesses there is such a substantial and material difference in the character of the service rendered that each belongs in a separate and distinct class, and, this being true, the classification made by the act is not arbitrary or capricious. *Demoville & Co.* v. *Davidson County,* 87 Tenn., (3 Pick.) 214, 10 S. W., 353; *Stratton Claimants* v. *Morris Claimants,* 89 Tenn., (5 Pick.) 497, 15 S. W., 87, 12 L. R. A., 70, and cases cited. Under the view we take of the legislation the *proviso* was mere surplusage. If it had been omitted the privilege tax declared against shoe-shining parlors could not have been exacted from one conducting a barber shop, unless, of course, the shining of shoes was conducted in the barber shop to such an extent as to become the main business there conducted, in which event it would, of course, be a shoe-shining parlor within the meaning of the act, whatever it might be called by the proprietor.

The decree of the special chancellor who tried the case contains some different reasoning from ours, but by the decree the bill of Barlin was dismissed, and the injunction issued was dissolved, which we think was the correct result, and therefore the decree is affirmed, at Barlin's cost.