GULF REFINING CO. OF LOUISIANA *v.* CITY OF CHATTANOOGA.

(*Knoxville.*   September Term, 1916.)

1. **LICENSES.** **Privilege tax.** **Construction of statute.**

The Revenue Act (Acts 1915, chapter 101 section 2, authorizes each county and municipality to levy a privilege tax on merchants and such other vocations as are named in the act and declared to be privileges. Section 3 requires merchants to pay an ad valorem tax and a privilege tax of fifteen cents on each $100 worth of taxable property. Section 4 declares that each vocation, occupation, and business named therein is a privilege, and fixes the amount of privilege tax to be paid by each of a long list of various kinds of business among which is dealers in coal, illuminating, or lubricating oil. In connection with some of the named occupations, but not with oil dealers, there is a provision that they shall also pay the tax as merchants. *Held*, that the act did not make oil dealers liable to the general merchants' tax in addition to the special privilege tax. (*Post, pp.* 508-510.)

Acts cited and construed: Acts 1915, ch. 101.

Cases cited and approved: Am. Steel & Wire Co. v. Speed, 110 Tenn., 524; American Book Co. v. Shelton, 117 Tenn., 745; Chattanooga Plow Co. v. Hays, 125 Tenn., 148; Kelly v. Dwyer, 75 Tenn., 180.

2. **TAXATION.** **Statutes.** **Construction.** **Double taxation.**

The presumption is always against an intention to assess double taxes, and a statute will not be construed to impose such tax unless such construction is clearly required by its language. (*Post, pp.* 510, 511.)

Cases cited and distinguished: Bell v. Watson, 71 Tenn., 330; Plow Co. v. Hays, 125 Tenn., 155.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.—W. B. GARVIN, Chancellor.

F. S. CARDEN, and NEAL L. THOMPSON, for appellant.

WILLIAMS & LANCASTER, for appellee.

MR. EVANS, Special Judge, delivered the opinion of the Court.

This bill was filed in the chancery court of Hamilton county by the Gulf Refining Company of Louisiana to enjoin the city of Chattanooga from issuing distress warrants against complainant to compel the payment of a merchant's privilege tax for the year 1916.

The bill alleges that complainant is a foreign corporation, having complied with the laws of Tennessee, and is doing business, among other places, in the city of Chattanooga; that it sells and distributes oils and gasoline to its customers; that as such oil company it is required by the laws of Tennessee and by the ordinances of the city of Chattanooga, made pursuant thereto, to pay to the city the following taxes, namely: (a) An *ad valorem* tax upon all its property including its stock of oils, gasoline, etc., located within the corporate limits, same being its

property tax; (b) a privilege tax of $500 per annum for the privilege of doing business in said city as such oil company, same being its privilege tax.

After averring that complainant was ready and willing to pay all its just taxes, the bill alleges that the city of Chattanooga is threatening to collect from complainant by distress warrants an additional tax for the year 1916, to wit, a merchant's privilege tax based upon the average value of its stock of oils on hand during the year 1916.

A temporary injunction was issued, as prayed for in the bill, and defendant filed a motion to dissolve. Upon the hearing of said motion both parties agreed that it should be treated by the court as a demurrer to the bill, in order to enable the court, at that time, to pass on the merits of the case, there being no dispute about the facts.

The chancellor held that complainant was entitled to the relief prayed for, and entered a final decree making the injunction perpetual, and taxing the costs against the defendant. Thereupon, the city of Chattanooga appealed to this court, and has assigned error.

It is insisted in behalf of appellant that appellee is a merchant within the meaning of said act, under the authority of the following cases: *American Steel & Wire Co.* v. *Speed,* 110 Tenn., 524, 75 S. W. 1037, 100 Am. St. Rep., 814, *American Book Co.* v. *Shelton,* 117 Tenn., 745, 100 S. W., 725, and *Chat-*

*tanooga Plow Co.* v. *Hays,* 125 Tenn., 148, 140 S. W., 1068.

It is also insisted that it is within the power of the legislature to require of merchants three taxes, to wit: (1) An *ad valorem* or property tax imposed upon all property; (2) a merchant's tax under the constitutional power to tax merchants; and (3) a privilege tax under its power to tax privileges. And *Kelly* v. *Dwyer,* 7 Lea (75 Tenn.), 180, is cited as authority.

But, without entering into a discussion of the above propositions insisted upon by appellant, the first question to be determined, and the one which in our opinion is decisive of the case, is whether, in the Revenue Act of 1915, the legislature has, in fact imposed two privilege taxes upon oil companies in addition to the *ad valorem* tax; that is to say, whether the legislature, in addition to the *ad valorem* tax, has imposed upon complainant a special privilege tax for selling oils and gasoline, and also a privilege tax as a merchant.

Chapter 101 of the Acts of 1915, known as the Revenue Act, in section 1 provides for a property tax.

In section 2 it is provided that each county and municipality "is hereby authorized and empowered to levy a privilege tax upon merchants and such other vocations, occupations, or business as are named in this act and declared to be privileges, not exceeding in amount that levied by the State for

State purposes." It is further provided in said section 2 that "the imposition of a privilege tax under this act shall not be construed as a release or exemption from an *ad valorem* tax unless otherwise expressly provided."

Section 3 of the act relates to merchants, and requires that they shall pay an *ad valorem* tax, and a "privilege tax of fifteen cents on each $100 worth of taxable property."

Section 4 provides that each vocation, occupation, and business named in this section "is hereby declared to be a privilege," and fixes the amount of privilege tax to be paid. Then follows a long list, in alphabetical order, of various kinds of business, with a certain sum as a privilege tax set opposite the name of each; and on page 272 appears "coal oil, illuminating oil, or lubricating oil, or petroleum products, $500," etc.

Even if it be true, under the authorities cited by appellant, that appellee's business may be classed as that of a merchant, we are of opinion, from the terms of the Revenue Act construed as a whole, that the legislature did not intend to impose upon any business enumerated in section 4 a merchant's privilege tax in addition to the special privilege tax, except where it is expressly so provided. There are a number of instances in section 4 where it is provided that one who is engaged in the designated business shall pay a merchant's tax in addition to the special privilege tax. Thus in the case of "Vic-

trolas,'' a special privilege tax is imposed, and then the following provision is added: ''In addition they shall pay a tax as other merchants.'' This is true of several other vocations set out in section 4. But there is no express provision that oil companies shall pay a merchant's privilege tax in addition to the $500 special privilege tax.

A great many of the vocations declared in section 4 to be privileges and taxed as such are particular instances of merchandising, as for example, bicycles, cigar stands, ranges, and clocks, coal and coke, coal oil, or petroleum products, florists, fruit stands, sewing machines, etc.

We cannot assume that the legislature intended to impose what in substance and in fact is a double privilege tax in the absence of an express intention to do so. As said by the learned chancellor in the court below, call the taxes what we may, we cannot close our eyes to the fact that to require a merchant to pay the merchant's privilege tax, based upon the amount of property or capital in the business, and also to pay a gross sum upon the privilege, is to require him to pay two taxes for the same privilege—that of selling (in case of appellee) oils and gasoline in the State of Tennessee.

The presumption is always against an intention to assess double taxes. In *Bell* v. *Watson,* 3 Lea (71 Tenn.), 330, this court said:

''Whatever power the legislature may have to levy double taxes, the presumption always is against such

an intent. The statute will not be construed so as to impose duplicate taxation, unless the construction is required by its express words or necessary implication.''

In the same case it is further said that:

''The safe and sound rule of construction of revenue laws is to hold, in the absence of express words plainly disclosing a different intent, that they were not intended to subject the same property to be twice charged for the same tax, nor the same business to be twice taxed for the exercise of the same privilege.''

And in *Plow Co.* v. *Hays,* 125 Tenn., 155, 140 S. W., 1069, this court said:

''It is also a settled rule of interpretation in this State that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically pointed out, although standing upon a close analogy. All questions of doubt arising upon the construction of the statute will be resolved against the government, and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports.''

We are of opinion that in the Revenue Act of 1915 the legislature has not manifested a clear intent that oil companies should pay a merchant's privilege tax in addition to the privilege tax of $500 for selling oils and gasoline.

It results from the views above expressed that the decree of the chancellor will be affirmed, with costs.