## W. F. STOCKELL v. ROMANS HAILEY *et al.*

### (*Nashville.   December Term, 1920.*)

1. **LICENSES.   Selling automobile accessories is integral part of auto-mobile business.**

   Keeping in stock and selling spare parts and accessories for the particular make of automobile handled by a dealer as required by the dealer's contract with the manufacturers and as necessary to promote the sales of that make of car is an integral part of the business of an automobile dealer on whom a license tax is levied by General Revenue Act of 1919.   (*Post, pp.* 50, 51.)

2. **EVIDENCE.   Court can take judicial notice that automobile dealer must carry accessories for his cars.**

   The fact that a dealer would have difficulty in selling a particular make of automobile if it were known that he did not carry parts for such cars in stock is a matter of common knowledge, of which the court can take notice.   (*Post, pp.* 51, 52.)

   Case cited and approved:   Maxwell Operating Co. v. City of Nashville, 7 Tenn. Civ. App., 337.

3. **LICENSES.   Sales to others than users of particular car do not separate accessories business from dealer's business.**

   The fact that an automobile dealer, handling a particular make of cars and accessories and parts for it, also sold accessories to users of other makes of cars, does not make his accesssories business separate from his dealer's business.   (*Post, p.* 52.)

4. **LICENSES.   Statute held not to require accessories license from automobile dealer.**

   General Revenue Act of 1919, imposing a privilege tax on automobile dealers and another privilege tax on dealers in automobile accessories, does not require an automobile dealer, who sold automobile accessories as an integral part of his business, to pay the acces-

144 Tenn.—4

sories tax, especially since the provision imposing the tax on automobile repair shops expressly ·provided that such tax should be in addition to the privilege tax imposed upon automobile dealers. (*Post, pp.* 2-55.)


FROM DAVIDSON.


Appeal from the Chancery Court of Davidson County.— HON. JAS. B. NEWMAN, Chancellor.

BOND, FUQUA & BOND, for appellants.

HORACE OSMENT, for appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The complainant owns and operates a garage in Nashville, is a dealer in automobiles and sells the Cadillac car, as well as accessories for the same. He also operates a repair.shop in said garage.

The complainant paid a tax of $100 to both the State and the county for the privilege of dealing in automobiles. He also paid a tax of $10 to both the State and the county for the privilege of operating a repair shop in said garage.

It is insisted on behalf of the State and the county of Davidson that the complainant is also liable to each in the sum of $50 for the privilege of "dealing in automobile accessories." He paid this latter tax to the State under protest, and within thirty days thereafter filed the bill in

Stockell v. Hailey.

this cause to recover the same, and also to enjoin David- son county from collecting a similar tax.

The chancellor decreed the complainant the relief sought in his bill, and the defendants have appealed to this court and have assigned errors.

The one question in this cause is, does a license to deal in automobiles give to such dealer the right to buy and sell automobile accessories?

It is insisted by the complainant that the keeping and selling of accessories for the particular car sold is an in- tegral part of his business. This proposition is contro- verted by the defendant. The complainant's contract with the manufacturers of the Cadillac car requires him to carry the various parts for that particular car in stock, so that when an owner of said car has the misfortune to break some part of his car he can immediately procure the needed part and have it repaired.

According to the evidence in the cause, dealers would have a hard time selling cars where it were known that parts for such cars were not carried in stock, and that in case of breakage the new parts would have to be ordered from the factory. This fact is a matter of common knowl- edge, of which the court can take knowledge.

The evidence further shows that practically all dealers who are agents for standard cars carry the necessary ac- cessories in stock.

In *Maxwell Operating Co.* v. *City of Nashville,* 7 Tenn. Civ. App., 337, it was held that operating a cafe was an integral part of the hotel business. Many hotels simply rent rooms without operating either dining rooms or cafes

in connection therewith. If a cafe is an integral part of the hotel business, certainly selling accessories is an integral part of the automobile business, for a hotel can be operated without a cafe, but, under the evidence in this cause, an automobile dealer, engaged in selling standard cars, cannot do a successful business without also carrying parts for the particular cars handled.

In the cause under consideration the evidence shows that ninety per cent. of the sales made by the complainant are to Cadillac owners. The fact that the complainant sells accessories to others than owners of Cadillac cars does not affect the result.

In *Maxwell Operating Co.* v. *City of Nashville, supra,* it was held that it made no difference that the restaurant was patronized by outsiders who were not guests of the hotel.

It is conceded by counsel for the complainant that the legislature would have the right to assess a tax on the integral parts of a business as separate privileges if it sees proper to do so. But it is insisted, in the cause under consideration, that it was not the intention of the legislature to assess the right to deal in accessories where such dealer has paid a tax to sell automobiles.

The General Revenue Act of 1919, chapter 134, contains the following provisions, pertinent to this inquiry, to wit:

"Automobile Garage or Dealers.

"In cities, towns or taxing districts of 60,000 inhabitants or over, each, per annum .......... $100.00

. . . . . . . .

"Dealers in Automobile Accessories.

"Each person, firm or corporation dealing in automobile accessories, whether as agent, or otherwise, in cities, towns or taxing districts of 60,000 population or over, each per annum ... $ 50.00

. . . . . . . .

"Automobile Repair Shops.

"Persons, firms or corporations conducting automobile repair shops, each shop, per annum ... $ 10.00

"This privilege tax shall be in addition to privilege taxes imposed upon automobile dealers and automobile garages."

Having held that the selling of accessories was an integral part of "dealing in automobiles," it will not be presumed, in the absence of express language to that effect, that the legislature intended to impose a separate privilege tax on the integral part of a business already taxed, and, we find nothing in the act in question to indicate such intention.

The provision as to "Dealers in Automobile Accessories" had reference to those doing an exclusive accessories business, or those selling accessories who did not operate a garage or deal in automobiles. That such was the legislative intent is shown by the fact that in providing a privilege tax for "Automobile Repair Shops," the legislature added:

"This privilege tax shall be in addition to privilege taxes imposed upon automobile dealers and automobile garages."

If the repair shop tax were separate and independent of the tax provided for automobile dealers, why was this last sentence added, and why did the legislature not add this sentence to the provision relating to dealers in automobile accessories if it intended it to be separate and distinct? Why this addition to one and not to the other? One was as closely related to the section taxing automobile dealers as the other.

The analogy between the cause under consideration and the case of *Maxwell Operating Co. v. City of Nashville*, *supra*, is striking. In the latter the court was considering Revenue Act of 1915, chapter 101, the language of that part involved being as follows:

"Hotels and Taverns.

"For each room, excepting dining rooms, kitchens
    and parlors, for which more than $1.00 per day
    is charged each room, per annum . . . . . . . . . . $   .75
"For each room, excepting dining rooms, kitchens
    and parlors, for which is charged $1.00 or less
    per day, per room, per annum . . . . . . . . . . . . . $   .50

.     .     .     .     .     .     .     .

"Restaurants and Cafes.

"In cities, towns or taxing districts of 35,000 inhabitants, or over, each, per annum. . . . . . . . . . $40.00"

The court held in the case just referred to that the Maxwell House, having discontinued its dining room on the American plan, the restaurant and cafe operated in connection with and by the hotel on the European plan was nevertheless a part of the hotel, and was not subject to an additional license.

Stockell v. Hailey.

The conclusion is irresistible, based upon both reason and upon authority, that the legislature did not intend to impose the accessories tax upon one who had paid a tax for the privilege of dealing in or selling automobiles.

We deem it unnecessary to give a legal definition of the word "garage" in this cause. The complainant is unquestionably a dealer in automobiles, and, under the facts of this cause, we hold that the selling of accessories is an integral part of such business, and that the legislature did not intend that such a dealer should pay the additional accessories tax.

The chancellor so held, and his decree will be affirmed, with costs.