FRED CLARK *v.* T. W. KILLOUGH, CLERK OF COUNTY COURT.*

(*Knoxville.* September Term, 1925.)

1. **LICENSES.** Statute, imposing privilege tax on coal or coke dealers on basis of population, held not unconstitutional, because 1920 census is named as basis, without reference to any subsequent census (Revenue Act 1925, chapter 134, sections 4, 13).

Revenue Act 1925, chapter 134, section 4, fixing a privilege tax on coal or coke dealers graduated on a population classification, *held* not unconstitutional, because federal census of 1920 is named as a basis by section 13, without reference to any subsequent census, since legislature impliedly reserves power and purpose to modify, amend, repeal, or enact substitutions from session to session. (*Post, pp.* 55, 56.)

Acts cited and construed: Acts 1925; ch. 134, sec. 4.

Case cited and distinguished: Zickler v. Bank, 104 Tenn., 284.

2. **LICENSES.** Statute, imposing privilege tax on coal or coke dealers, held applicable to grocery merchant selling coal in small quantities as incident to his business (Revenue Act 1925, chapter 134, section 4).

Revenue Act 1925, chapter 134, section 4, placing privilege tax on coal or coke dealers, *held* applicable to grocery merchant, selling coal in small quantities as a usual and ordinary incident to his business, in absence of an affirmative showing that dealing in coal has, by generally recognized custom, become a usual and ordinary incident to business of a retail grocery merchant, and a merely local practice cannot control. (*Post, p.* 56.)

3. **CONSTITUTIONAL LAW.**

Legislature, in imposing privilege tax on occupations, is presumed to have exercised discretion vested in it, and made exceptions as to all such occupations as, in its judgment, should be excepted. (*Post, pp.* 56-58.)

Cases cited and approved: Gulf Refining Co. v. Chattanooga, 190 S. W., 463, 136 Tenn., 505; Plow Co. v. Hays, 125 Tenn., 148.

4. LICENSES. Statute, imposing privilege tax on coal or coke dealers, held not invalid as class legislation, because exempting peddlers (Revenue Act 1925, chapter 134, section 4).

Revenue Act 1925, chapter 134, section 4, fixing privilege tax on coal or coke dealers, *held* not invalid as class legislation, because exempting hucksters and pedllers, who buy from accredited dealers, since peddlers are a class specifically dealt with and taxed under that heading; such classification not being unreasonable. (*Post,* *p. 58.*)

*Headnotes 1. Licenses, 37 C. J., Section 55; 2. Licenses, 37 C. J., Section 78 (Anno); 3. Constitutional Law, 12 C. J., Section 220 (Anno); 4. Licenses, 37 C. J., Sections 52, 89, 90 (Anno).

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County. —Hon. W. B. Garvin, Chancellor.

Finlay & Campbell, for Clark.

T. W. Stanfield, for Killough.

Mr. Justice Chambliss delivered the opinion of the Court.

Two questions are presented, challenging (1) the constitutionality of the provision of section 4 of chapter 134 of the General Revenue Act of 1925 fixing a privilege

tax on "coal or coke or coal and coke agents and dealers;" and (2) its application to complainant.

The privilege tax is graduated on a population classification and the point made is that, by section 13 of the act, the federal census of 1920 is named as the basis or test of population, without reference to any subsequent census. It must be conceded that the general rule requires the adoption of the census basis to include any subsequent census, in order to preserve, in theory at least, impariality. However, there exists with respect to our general revenue laws, which are in large degree *sui generis,* an implied reservation in the legislature of both power and purpose to modify, amend, repeal, or enact substitutions from session to session. This is in accord with historically established custom (*Zickler* v. *Bank,* 57 S. W., 341, 104 Tenn., 284), and the presumption may therefore be reasonably grounded and judically indulged that the classification by population, although referred in any given revenue act to a certain census, is temporarily so only, and that, as naturally to be expected changes may arise in population and other conditions, adjustments necessary to avoid partial and arbitrary results will be brought about by subsequent legislation. The learned chancellor, sustaining the demurrer and upholding the constitutionality of the act, quotes from *Zickler* v. *Bank,* supra, language reciting the legislative policy of redrafting and re-enacting successive general revenue laws and declaring that—"It may be said that it has now grown into a legislative custom to enact a new law at each succeeding session, embracing generally the entire subject of privilege taxation."

The learned chancellor then quite aptly comments:

"This was said in 1899, and the subsequent history down to the present time has only emphasized its truth. Judging by this history, before the federal census of 1930 is taken and published, the Revenue Act of 1925 will have passed into the limbo of discarded laws. It would be sacrificing spirit upon the altar of mere form to hold its provisions invalid upon the ground alleged."

And this is the view of this court.

The insistence plausibly presented that the provision in question does not apply to complainant is based on the fact that complainant is a grocery merchant, the claim that the selling of coal in small quantities is a usual and ordinary incident to such a business, and the consequent deduction that, having paid the general merchants tax under the act, he is not liable for this specific tax.

Dealing in coal has been continuously classed by our revenue acts since as early as 1887 as a separate privilege and so taxed. In the absence of an affirmative and clear showing, not made in these pleadings as we read them, that dealing in coal has, by a generally recognized custom, become a usual and ordinary incident to the business of a retail grocery merchant, the apparent purpose of the legislature to recognize and treat dealing in coal as a distinct occupation must be given effect. A showing of a merely local practice in a given limited territory cannot control. Certainly no more than this can be said to be shown by the pleadings in the instant case. The legislature has given recognition, by exceptions coupled with different items of the law providing for specific taxes, to the principle involved; that is, the avoidance of double taxation. Provisions as to talking and

like machines, and pianos, ranges and clocks and implements, fish and sea food dealers, afford illustrations of this discriminating legislative action. The presumption must be indulged that the legislature, whose province it is, has exercised the discretion vested in it, and made exceptions as to all such occupations as in its judgment should be so excepted. This was the conclusion of the chancellor. For a remedy for any hardship or injustice which the law as it now stands works, recourse must be had to the law-making power.

The line of cases cited for appellant are not, in our opinion, controlling here. A detailed discussion of them is not deemed necessary. However, with respect to *Gulf Refining Co.* v. *Chattanooga,* 190 S. W., 463, 136 Tenn., 505, and *Plow Co.* v. *Hays,* 140 S. W., 1068, 125 Tenn., 148, perhaps most strongly relied on, it appears that in both cases the holding was that the defendant company was not a merchant and taxable as such; in the Gulf Company case that the specific privilege applicable was exclusive, and in the Plow Company case that the defendant was exclusively a manufacturer.

The question of double taxation was involved in the Gulf Company case, and appropriate comments made thereon, but no controlling analogy appears to the instant case. Here complainant is confessedly a merchant and subject to that tax; his contention being that he should be permitted to add to his business as merchant, to be covered by that tax, an occupation generally recognized and specifically designated by the legislation as a distinct privilege. If the Gulf Company had been engaged in the business of conducting a retail grocery store, and had undertaken, as an incident, to maintain

an oil depot or warehouse for sale and distribution of oils, it can hardly be doubted that it would have been required to pay the $500 privilege tax specifically fixed for such an occupation in addition to the general merchants tax.

It is also said that, if the act is construed to require complainant to pay this specific tax, it is vicious class legislation because it exempts hucksters and peddlers who buy from accredited dealers. We do not find it so. Peddlers are a class specifically dealt with and taxed under that heading, and the classification is not unreasonable or partial. Complainant and all others may enter this class, and in the exercise of that privilege enjoy the exemption challenged.

The decree of the chancellor must be affirmed.