EDWARD V. SHEELY *v.* JOHN C. McLEMORE, COUNTY COURT CLERK.*

## (*Jackson.*   April Term, 1926.)

1. **LICENSES.** Exceptions in statute levying tax for selling electric apparatus of electric power and light companies and radio dealers makes all others subject to tax (Pub. Acts 1925, chapter 134; Pub. Acts 1915, chapter 101).

Exception in Pub. Acts 1925, chapter 134, levying a privilege tax on each person, firm, or corporation selling electric apparatus of electric power and light companies and radio dealers, makes all others subject to the tax, in view of Pub. Acts 1915, chapter 101, though such sale is but an incident of the party's business. (*Post, pp.* 502-504.)

2. **STATUTES.**

Express exception exludes all others, but enumeration weakens statute as to things not enumerated. (*Post, pp.* 502-504.)

Acts cited and construed: Acts 1915, chs. 101, 134, sec. 4.

Cases cited and approved: Wender v. Lobertini, 151 Tenn., 476; Chero-Cola Bottling Co. v. McDaniel, 145 Tenn., 615; Stockell v. Hailey, 144 Tenn., 49; Refining and Producing Co. v. Davidson County, 139 Tenn., 401; Gulf Refining Co. v. Chattanooga, 136 Tenn., 505; Barlin v. Knox County, 136 Tenn., 238; Cigar Co. v. Cooper, 99 Tenn., 472; Kelly v. State, 123 Tenn., 516; Burns v. City of Nashville, 132 Tenn., 429; Turner v. Eslick, 146 Tenn., 236.

3. **LICENSES.**

Under Pub. Acts 1925, chapter 134, merchant exercising special privilege must pay special privilege tax as well as merchant's privilege tax, unless expressly relieved. (*Post. pp.* 504, 505.)

Sheely v. McLemore.

4. **LICENSES.**

Under Pub. Acts 1925, chapter 134, an artisan or manufacturer selling goods need not pay merchant's privilege tax, unless expressly required.   (*Post, pp.* 504, 505.)

Acts cited and construed: Acts 1915, ch. 101.

Case cited and approved: Clark v. Killough, 281 S. W., 777.

5. **CONSTITUTIONAL LAW.** Constitutionality of act levying tax for selling electric apparatus, as excepting companies supplying electric light, but not excepting individuals supplying electric light, may not be raised by individual not supplying electric light (Pub. Acts 1925, chapter 134).

Constitutionality of Pub. Acts 1925, chapter 134, levying tax for selling electric apparatus as excepting therefrom companies supplying electric light and power, as discriminating between corporations and individuals by not excepting individuals supplying electric light and power, may not be raised by an individual not supplying electric light and power.   (*Post, pp.* 505, 506.)

Case cited and approved: Noell v. Tenn. Elec. Power Co., 130 Tenn., 245.

6. **LICENSES.**

Public Acts 1925, chapter 134, levying privilege tax according to population, is not unconstitutional because basing classification of cities and taxing districts on federal census of 1920.   (*Post, p.—.*)

Acts cited and construed: Acts 1925, ch. 134.

Case cited and approved: Knoxville Power & Light Co. v. Thompson, 152 Tenn., p. 506.

7. **STATUTES.**

Pub. Acts 1925, chapter 134, section 13, levying a privilege tax in cities and taxing districts, and providing that cities and taxing districts include territory surrounding or adjacent to them is not

so indefinite as to be unenforceable as to party within city or taxing district. (*Post*, p. 506.)

*Headnotes 1. Licenses 37, C. J., Section 114; 2. Statutes, 36 Cyc., p. 1122; 3. Licenses, 37 C. J., Section 115; 4. Licenses, 37 C. J., Section 115; 5. Constitutional Law, 12 C. J., Section 181; 6. Licenses, 37 C. J., Section 55; 7. Statutes, 36 Cyc., p. 969.

### FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— Hon. D. W. De Haven, Chancellor.

McKellar, Kyser & Allen, for Sheely.

L. D. Bejach, W. T. McLean, W. H. Swiggart, Jr., and C. P. J. Mooney, Jr., for appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought against the clerk of the county court of Shelby county by Edward V. Sheely, a druggist in Memphis, to test complainant's liability for a privilege tax imposed by chapter 134 of the Acts of 1925, section 4, upon ''each person, firm or corporation selling electric fixtures, apparatus, supplies,'' etc. The chancellor held that the complainant was not liable for the tax, and the county court clerk has appealed to this court.

Counsel for the parties have referred to various cases decided by this court, construing different revenue acts, as upholding the contentions of each side herein. Among these cases are *Wender* v. *Lobertini,* 151 Tenn., 476, 267

S. W., 367; *Chero-Cola Bottling Co.* v. *McDaniel,* 145
Tenn., 615, 237 S. W., 1101; *Stockell* v. *Hailey,* 144 Tenn.,
49, 229 S. W., 382; *Refining & Producing Co.* v. *Davidson
County,* 139 Tenn., 401, 201 S. W., 737; *Gulf Refining Co.*
v. *Chattanooga,* 136 Tenn., 505, 190 S. W., 463; *Barlin*
v. *Knox County,* 136 Tenn., 238, 188 S. W., 795, 2 A. L.
R., 112; *Cigar Co.* v. *Cooper,* 99 Tenn., 472, 42 S. W., 687.

Owing to the distinctive language employed by the leg-
islature in assessing the tax here involved, we find none
of the cases cited directly in point. *Barlin* v. *Knox Coun-
ty,* supra, considered a section of the Revenue Act of
1915 quite similar to the section of the act of 1925 under
construction, and this case we shall presently discuss.

Chapter 134 of the Acts of 1925 declares numerous
things to be a privilege, and fixes the amount of privilege
tax that each of these things shall bear. In this schedule
(page 450) the following appears:

Each person, firm or corporation selling electric
    fixtures, apparatus, supplies, etc., including
    radio parts, in cities and towns of 50,000 in-
    habitants and over, per annum ............. $50.00
In cities of less than 50,000 inhabitants, per annum   25.00

Provided, that this act shall not apply to electric power
and light companies selling such appliances, fixtures, ap-
paratus and supplies in connection with the business of
furnishing electric current for power and lighting pur-
poses, nor to radio dealers, paying the privilege tax on
such dealers provided in this act.

The act also levies an *ad valorem* tax upon merchants
(section 3), and also a privilege tax upon merchants of
fifteen cents per annum on each $100 of the average cap-
ital invested. Page 461.

The complainant, as stated before, is a druggist, and has paid his *ad valorem* tax and his merchant's privilege tax. He avers that it is customary for druggists in Memphis and elsewhere in the State to carry a small line of electric appliances, such as bulbs, flash lights, etc.; that such goods are an integral part of his stock as a druggist; that they were included in the valuation of his stock for *ad valorem* taxation and for his merchant's privilege tax; that the value of such electrical appliances carried by him is trivial in comparison with the remainder of his stock; and that the handling of such articles is a mere incident to the conduct of his business as a druggist. All these charges of the bill are admitted by the demurrer, and, upon these facts, the complainant insists that he is not liable to a privilege tax as one "selling electric fixtures, apparatus, supplies," etc.

This argument is plausible, and, if the privilege had been declared in different terms, this case might fall under the authority of *Stockell* v. *Hailey,* supra, and others cited, and the complainant held exempt.

It will be noticed that the tax in question is levied upon "each person, firm or corporation" selling electric appliances, except electric power and light companies selling such appliances in connection with their business, and except radio dealers who have paid the privilege tax laid on their business. The exception of electric power and light companies and radio dealers from this tax, under a well-settled rule of statutory interpretation, makes it certain that the tax was intended to be assessed against all others selling electric appliances. When exceptions are expressed, the conclusion follows that no other exceptions were intended.

"An express exception, exemption, or saving excludes others. Where a general rule has been established by statute with exceptions, the court will not. curtail the former nor add to the latter by implication. Exceptions strengthen the force of a general law, and enumeration weakens it as to things not expressed." Lewis' Sutherland on Statutory Construction, section 494.

The foregoing has been quoted and approved by this court in *Kelly* v. *State,* 123 Tenn., 516, 132 S. W., 193; *Burns* v. *City of Nashville,* 132 Tenn., 429, 178 S. W., 1053; *Turner* v. *Eslick,* 146 Tenn., 236, 240 S. W., 786.

This rule of construction was considered at length in *Turner* v. *Eslick,* supra, and the authorities sustaining it reviewed. The rule is clearly applicable here, and seems to demonstrate that it was not proposed to relieve any one selling electric appliances from the privilege tax imposed upon such sales, save electric power and light companies and radio dealers. The sale of such appliances is but an incident of the business of electric power and light companies and of radio dealers, just as it is an incident of the business of a retail druggist. Nevertheless the statute must have contemplated that those selling such appliances with two exceptions should pay a privilege tax, even though such sales were incidental to the main business carried on, else other exceptions would have been made.

" 'A statute declared that "all offices, posts of profit, professions, trades and occupations, except the occupation of farmers," shall be valued and assessed and subject to taxation; it was held that the exception of farmers excluded any other, and that the calling of a minister of the gospel was a "profession" and taxable. Cer-

tain exemptions from distress for taxes being expressed in a statute, by fair implication all other property is liable.' Lewis' Sutherland on Statutory Construction, section 494.'' *Turner* v. *Eslick,* supra.

An examination of the whole of chapter 134 of the Acts of 1925 indicates that, where it is intended to exempt a dealer, paying merchant's privilege tax, from a special privilege tax levied on the selling of particular articles he may handle, such an intention is declared in express terms. In some instances the exemption is partial; in others it is entire. See provisions with respect to bottled drinks, bicycles, cigars, etc., fish and sea food, fruit stands, and ranges, clocks, and clothing.

Where the exercise of a privilege does not necessarily or primarily involve the selling of articles, but it is intended to add the merchant's tax to the special privilege tax, such an intention is usually declared in express terms. See provisions with respect to barber shops, beauty parlors, and manufacturers of patent medicines.

In other words, under the general scheme of the act of 1925, a merchant exercising a special privilege pays the tax upon that special privilege, unless expressly relieved; but an artisan or manufacturer selling goods does not pay the merchant's privilege tax, unless expressly required.

In *Clark* v. *Killough* (March 29, 1926), 281 S. W., 777, it was held that a grocery merchant selling coal in small quantities were liable for the privilege tax imposed by chapter 134 of the acts of 1925 on coal or coke dealers in addition to his merchant's privilege tax.

In *Barlin* v. *Knox County,* supra, it was urged that a privilege tax, laid upon shoe shining parlors by chapter 101 of the Public Acts of 1915, and exempting barber

shops, was unconstitutional by reason of the exemption. The court showed that there was a substantial and material difference in the character of these two enterprises, and that each belonged in a separate and distinct class, and, this being true, the classification made by the act was not arbitrary or capricious. The case being thus determined, the learned judge delivering the opinion added that the proviso excepting barber shops from the tax was surplusage; that, if the proviso had been omitted, the privilege tax declared against shoe shining parlors could not have been exacted from one conducting a barber shop. This language was not necessary to the decision of that case, and was inadvertent. The authorities reviewed in *Turner* v. *Eslick,* supra, show that an exception cannot, as a rule, be disregarded as surplusage.

It is contended on behalf of the complainant herein that the provision above quoted, taking "electric power and light companies" out of the reach of this tax, is unconstitutional, because it is supposed to discriminate between corporations and individuals. It is said that companies means corporations, and that corporations supplying electric power and light do not have to pay a privilege tax for dealing in electric appliances, while individuals supplying power and light would have to pay a tax for dealing in electric appliances. It is urged that this discrimination is arbitrary, and vitiates the paragraph of the statute imposing this privilege tax. Whether the word "companies" should be so rendered in this connection is a question we need not determine. The complainant is not an individual supplying electric power and light, is not adversely affected, and has no standing to raise this question. *Noell* v. *Tennessee Electric Power Co.,* 130 Tenn., 245, 169 S. W., 1169.

Section 13 of chapter 134 of the Acts of 1925 contains this provision:

"Be it further enacted, that the populations referred to in this act shall be construed to mean population according to the Federal census of 1920, and the words 'cities' and 'taxing districts' shall be construed so as to include the territory surrounding or adjacent to said cities or taxing districts and the word 'town' whenever it occurs, shall be construed to mean any village or settlement having a population of more than ten (10) inhabitants, either incorporated or not, other than cities or taxing districts."

It is argued that the provision in the foregoing section basing the population classifications on the Federal census of 1920 alone renders the act unconstitutional under *Knoxville Power & Light Co.* v. *Thompson,* 152 Tenn., —, 276 S. W., 1050. This objection was fully considered and overruled in *Clark* v. *Killough,* supra.

It is further argued in behalf of the complainant that the provision of section 13 attempting to include within cities and taxing districts "the territory surrounding or adjacent to said cities or taxing districts" is so indefinite that it renders the act unenforceable. This provision is sufficiently definite in so far as it lays privilege taxes within the limits of cities and taxing districts. The complainant is located within the city of Memphis. This question will not arise until an effort is made to assess some one outside the city limits as though he was doing buiness within such limits.

Other matters presented do not require consideration. The decree of the chancellor must be reversed and this cause dismissed.