BEN FRANK v. DICK LINDSEY, COUNTY COURT CLERK.*

(*Nashville*.   December Term, 1927.)

Opinion filed February 18, 1928.

### 1. REVENUE. PRIVILEGE TAX. AUTOMOBILE TIRE DEALER. MERCHANTS AD VALOREM.

A person whose principal stock in trade consists of automobile tires is liable for the privilege tax on "automobile tire stations and dealers" as provided under our revenue law, even though he is liable for a merchants **ad valorem** tax and merchants privilege tax.   (Post, p. 457.)

Citing: Acts of 1927, ch. 89.

Cases distinguished: Stockell v. Hailey, 144 Tenn., 49; Gulf Refining Co. v. Chattanooga, 136 Tenn. (9 Thomp.), 505; Kelly v. Dwyer, 75 Tenn. (7 Lea), 180; Cigar Co. v. Cooper, 99 Tenn. (15 Pick.), 472.

### 2. REVENUE LAWS. LEGISLATIVE INTENT.

The Legislature in passing the revenue laws where it intended to exempt a dealer paying a merchants privilege tax from a special privilege tax levied on selling particular articles usually declares such an intention in express terms.   (Post, p. 458.)

Citing: Sheely v. McLemore, 153 Tenn. (26 Thomp.), 498; Clark v. Killough, 153 Tenn. (26 Thomp.), 53.

_____

*Headnote 1.   Licenses, 37 C. J., section 78.

_____

FROM DAVIDSON.

_____

Appeal from the Chancery Court of Davidson County. —HON. JOHN R. AUST, Chancellor.

W. O. LATHAM and ROBERT L. SADLER, for complainant.

HORACE OSMENT, for County; W. F. BARRY, JR., Assistant Attorney-General, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This proceedings is brought under the Declaratory Judgments Act to test the liability of Frank for a privilege tax imposed by Chapter 89 of the Acts of 1927 upon automobile tire stations and dealers, in the following words:

"Each person, firm or corporation selling automobile tires and/or operating a service station where automobile tires are sold and/or renovated."

(1) Frank has a place of business in Nashville and the principal part of his stock in trade consists of automobile tires. He sells some other articles but the sale of these other articles seems to be rather incidental and, as stated, the sale of automobile tires is his chief business. He concedes liability for the merchants *ad valorem* tax and merchants privilege tax and has paid these items.

The Chancellor held that Frank was liable for the tax levied on automobile tire stations and dealers, and we think this conclusion is inescapable. The argument is that it was only intended to levy such tax on an automobile tire dealer who operated a service station where tires were sold or renovated, and not upon a merchant who merely sold tires. This idea is overthrown, however, by the punctuation of the section of the Revenue Bill above quoted. The tax is assessed against those "selling automobile tires and/or operating a service station, etc."

The elements of the compound sentence are stated disjunctively as well as conjunctively. That is, the tax is laid upon one selling tires *and* operating a service sta-

tion where tires are sold, and is likewise laid upon one selling tires *or* upon one operating a service station where tires are sold. Doing either thing renders one liable for the tax and doing both things renders one liable for the tax.

It is very clear upon the statements of Frank's bill that he is a dealer in automobile tires. As such he is liable for this privilege tax. This case differs from *Stockell* v. *Hailey,* 144 Tenn., 49. Selling tires which calls for the privilege tax litigated is Frank's principal business. Selling the other articles he carries in stock may be said to be incidental and accessory.

Likewise *Gulf Refining Co.* v. *Chattanooga,* 136 Tenn., 505, would lend some support to Frank's case if he was here seeking relief from the merchants privilege tax instead of from the automobile tire dealers privilege tax.

The constitutional questions suggested by Frank have been considered and held unavailing by the Court in *Kelly* v. *Dwyer,* 75 Tenn. (7 Lea), 180; *Cigar Co.* v. *Cooper,* 99 Tenn., 472, and other cases.

(2) The Revenue Act of 1927 like that of 1925, where it is intended to exempt a dealer paying a merchant privilege tax from a special privilege tax levied on the selling of particular articles he may handle usually declares such an intention in express terms. *Sheely* v. *McLemore,* 153 Tenn., 498; *Clark* v. *Killough,* 153 Tenn., 53.

The decree of the Chancellor is affirmed.