KNOXVILLE MOTOR CO. *et al.*, COMPLAINANTS, APPELLEES, *v.*
L. M. KENNEDY, CLERK, DEFENDANT, APPELLANT.*

(*Knoxville,* September Term, 1932.)

Opinion filed December 18, 1932.

---

*On license tax and occupation tax as not inconsistent, see annotation in 52 L. R. A. (N. S.), 949; L. R. A. 1917D, 322; 17 R. C. L., 486; R. C. L. Perm. Supp., p. 4295; R. C. L. Pocket Part, title "Licenses," Sec. 13.

HARRY T. POORE, and JOEL H. ANDERSON, for complainants, appellees.

JAMES G. JOHNSON, for defendant, appellant.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The bill herein was filed by fifteen automobile dealers in Knoxville, against the County Court Clerk of Knox County, to recover privilege taxes paid under protest for operating automobile repair shops. Part of said taxes accrued under the General Revenue Bill for the year 1927, and part under the General Revenue Bill for 1931. The bill was filed within thirty days after the payment of said taxes. The cause was heard upon a stipulation of counsel.

Complainants duly paid their privilege taxes as automobile dealers, and also their *ad valorem* taxes, but insisted that the operation of their repair shops was an integral part of their business as dealers, and that it was not the intention of the legislature to impose a separate privilege tax on the integral part of a business already taxed. The chancellor accepted this view, and granted complainants the relief sought.

Upon the authority of *Stockell* v. *Hailey,* 144 Tenn., 49, we concur in the decree of the chancellor as to the taxes collected under the Revenue Bill for 1931, chapter 13, pp. 87-88. There is nothing in the Act to indicate that the legislature intended to apply the tax on repair shops to dealers in automobiles. We also agree with the chancellor that under the facts set forth in the stipulation the operation of repair shops is an integral part of the automobile business.

■ With respect to the Revenue Bill for 1927, chapter 89, page 288, we are of the opinion that complainants were liable for the taxes collected. After imposing the tax on automobile repair shops, the following appears: "Provided, that this section shall not apply to automobile dealers who maintain workshops solely to give free service on autos sold by such dealers." Complainants do other repair work than free service on autos sold by them, and charge customary prices therefor, hence they do not come within this proviso.

By excluding auto dealers doing free service, we think the legislature evinced an intention to include dealers who charge for repair work. In *Sheely* v. *McLemore*, 153 Tenn., 498, 503, the court quoted approvingly from Lewis' Sutherland on Statutory Construction, section 494, as follows:

"An express exception, exemption, or saving excludes others. Where a general rule has been established by statute with exceptions, the court will not curtail the former nor add to the latter by implication. Exceptions strengthen the force of a general law, and enumeration weakens it as to things not expressed."

Upon the authority of this case, we hold that complainants are not entitled to recover taxes paid under the 1927 Act.

The decree of the chancellor will be modified in accordance with this opinion.